NEWARK ELECTRIC LIGHT AND POWER COMPANY, PLAINTIFF IN ERROR, v. THOMAS J. RUDDY, BY HIS NEXT FRIEND, DEFENDANT IN ERROR.

Argued June 10, 1898—Decided November 7, 1898.

Proof that an electric light wire, controlled by a private corporation and normally suspended upon poles along a public street, was trailing broken on the sidewalk, affords a presumption of negligence in a suit against such corporation by a person injured through electric shock by contact with such wire. *Res ipsa loquitur.*

---

On error to the Essex Circuit.

The plaintiff, a child of eight years, picked up from the sidewalk of a public street the end of a broken wire that trailed from one of the poles on which it should have hung suspended, and sustained severe injury through electric shock. The wire was an electric light wire, under the control of the defendant.

This writ of error removes a judgment, on verdict, in favor of the plaintiff in a suit brought to recover damages because of alleged negligence, in the premises, of the defendant. No explanatory or exculpatory evidence was offered in defence.

Before Justices DIXON, LUDLOW and COLLINS.

For the plaintiff in error, *Richard V. Lindabury.*

For the defendant in error, *Samuel Kalisch.*

The opinion of the court was delivered by

COLLINS, J.  The counsel for the plaintiff in error very properly limited his argument to the question of whether or not the facts proved warranted the submission of the case to the jury, on the point of defendant's negligence. That question, now presented by exceptions to the refusal of the court

to nonsuit the plaintiff or to direct a verdict in favor of the defendant, was, I think, correctly decided by the trial judge.

The defendant was, by law, permitted to suspend along a public street a wire so charged with electricity as to be dangerous to the public if it should break and fall upon the street. This privilege entailed upon it a very high degree of care to maintain the wire intact. It was permissible to presume a lack of exercise of such care when the proof showed the wire broken and trailing on the sidewalk under conditions that rendered possible serious injury to persons lawfully there. Unexplained the presence on the highway of the charged and broken wire and the fact of injury received therefrom justified an inference of negligence in the defendant in whose control and management it was. Such an inference has been judicially permitted even when the wire that broke received the electricity from a wire on which it fell. *Haynes* v. *Gas Co.*, 114 *N. C.* 203.

It appeared, indeed, that the wire was covered with an insulating substance of which but a small portion at the broken end was gone, and if the plaintiff had not chanced to touch this small exposed portion of the wire he would have received no shock. Still, as it is plainly possible that any break of such a wire may remove the insulation sufficiently to lead to such a result, the defendant, if chargeable at all, must accept that consequence.

It happened that the plaintiff was able to produce no witness who had noticed that the wire was down except within five or ten minutes before the plaintiff took it up, and it was argued that so short a space of time forbade any presumption of negligence in not removing it. This argument is beside the point. The plaintiff was not bound to prove when the wire came down. Its presence at the time and place of injury sufficed. Had it appeared affirmatively that the wire had but just fallen, the presumption of negligence would have been simply narrowed to the breaking of the wire. Only in case it had appeared that the breaking was without negligence would the question of reasonably prompt removal have arisen.

We may assume that such a wire of proper size and quality skillfully set up and inspected with sufficient care and frequency will not spontaneously break, and, on the other hand, that undue strain or improper use may weaken such a wire and cause its fracture.   There remains the possibility of disruption caused by the elements or outside interference.   Here lay the stress of the defendant's argument.   It was contended that the plaintiff was bound to eliminate every such cause by disproving its existence, but to this argument I cannot yield assent.   It is impracticable to frame a rule of general application on a subject so concrete as that involved in a jury's right to say that a particular occurrence speaks in itself of negligence.   It was well said by Mr. Justice Garrison, in *Bahr* v. *Lombard, Ayres & Co.*, 24 *Vroom* 233, that "the quantum of proof which a plaintiff must give in order to draw from the defendant explanatory evidence, must, with certain limits, be dependent upon the circumstances of each case."   One text-writer sententiously sums up the matter thus : "If the accident is connected with the defendant, the question whether the phrase *res ipsa loquitur* applies or not becomes a simple question of common sense."   *Sm. Neg.* \*248.

The following statement is fairly satisfactory : "Where it is shown that the accident is such that its real cause may be the negligence of the defendant, and that, whether it is so or not, it is within the knowledge of the defendant and not within the knowledge of the plaintiff, the plaintiff may give the required evidence of negligence, without himself explaining the real cause of the accident, by proving the circumstances, and thus raising a presumption that, if the defendant does not choose to give the explanation, the real cause was negligence on the part of the defendant."   Baron Channell in *Bridges* v. *North London Railway Co.*, L. R., 6 Q. B. 377, 391. The weakness of this statement is inherent in all attempts to formulate the rule ; the circumstances to be proved are, as they must be, left indefinite.

A plaintiff must, of course, present all evidence reasonably within his power.   The case of *Bahr* v. *Lombard, Ayres &*

*Co., ubi supra,* is authority that " when the plaintiff's case shows that he has not produced material evidence clearly within his reach, the mere proof by him of the occurrence of an accident by which he was injured does not raise a presumption of negligence which the defendant can be called upon to rebut." This is both reasonable and just, but to exact from a plaintiff such negative proof as will exclude all possible theories of accident consistent with defendant's care would be unreasonable and would not accord with common sense.

In the brief of counsel it is complained as follows : " No attempt was made to show that there had been no storm or other violence to account for the falling of the wire. From anything that appeared, a tree, a wall, a pole, a trolley wire or some other object may have fallen upon it and broken it. The local circumstances were as much, at least, within the knowledge of the plaintiff as of the defendant. The accident happened at the door of the plaintiff, and he must have known and have been able to show whether or not there was any external cause for the breaking of the wire. He could, at least, have shown that it parted without any apparent reason other than its own weakness." This complaint assumes a duty in the plaintiff to prove what were *not* the circumstances of the case instead of what they were, and puts on him a burden properly belonging to the defence.

In *Sheridan* v. *Foley,* 29 *Vroom* 230, this court adjudged that a nonsuit was wrong, although the only proof for plaintiff was that a brick fell from among defendant's workmen—bricklayers and hodcarriers—engaged in constructing a wall at a considerable height. By the argument now pressed upon us the nonsuit should have been upheld because the plaintiff failed to disprove a hurricane or seismic disturbance.

In *Trenton Passenger Railway Co.* v. *Bennett,* 31 *Vroom* 219, the only proof of negligence was the fact that a horse was shocked by electricity when he stepped upon the track of defendant's electric street railway. The Court of Errors and Appeals sustained the submission of the case to the jury.

In an almost exactly similar case, an appellate division of the New York Supreme Court reached like result. *Clark* v. *Nassau Electric Railroad Co.,* 9 *App. Div.* (*N. Y.*) 51, 6 *Am. Elec. Cas.* 234. In that case, as here, the defendant argued that to sustain an inference of negligence all other hypotheses must be excluded by the plaintiff's proof. It was suggested that the defendant's road might have been in perfect order and that the accident might have been occasioned by the carelessness of third persons engaged in stringing telegraph or telephone or electric light wires. Mr. Justice Bartlett thus met the argument: "The rule is one that relates merely to negligence *prima facie,* and it is available without excluding all other possibilities. * * * The doctrine of *res ipsa loquitur* simply calls upon the defendant, after proof of the accident, to give such evidence as will exonerate him, if any there be, and relieves the plaintiff from the burden of proving the non-existence of an adequate explanation or excuse."

In the case before us, how could the plaintiff have shown that the wire "parted without any apparent reason other than its own weakness?" He had no control over, or power or opportunity to examine and test it. Proof that the fracture must have come from external violence was peculiarly within the province of defendant. It could have proved when and how the wire was put up, to what usage it had been subjected, how often, how carefully and how recently it had been inspected, and what its appearance after disruption indicated. In short, the defendant could have exonerated itself from the *prima facie* case made against it if exoneration had been possible.

The plaintiff was not called on to conjecture and disprove possibilities of exoneration.

The judgment will be affirmed.