## LEO S. DIEHL (WHO SUES BY NEXT FRIEND) v. STANDARD OIL COMPANY.

Argued June 9, 1903—Decided February 23, 1904.

A master is not bound to warn a minor servant concerning a danger incident to the operation of a machine, where there is nothing in the apparatus or in the method of its operation that would charge an ordinarily prudent employer with notice of such a danger.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and PITNEY.

For the plaintiff, *George M. S. Schulz* (of the New York bar) and *Charles J. Roe.*

For the defendant, *Charles W. Fuller.*

The opinion of the court was delivered by

PITNEY, J. Plaintiff obtained a verdict for damages by reason of personal injuries sustained by him while in defendant's employ. The ground of the action is that he, being less than fourteen years of age, was set to work on a defective and dangerous machine without adequate warning or instructions concerning the danger, and that while he was thus employed his hand, owing to the defective condition of the machine, was caught in it and crushed.

A particular description of the apparatus in question would serve no useful purpose. The plaintiff was the sole witness of the occurrence. Upon a careful examination of his testimony we find it difficult to believe that the accident could happen in the way he describes. The jury had a right to find that the machine was somewhat out of repair, but the defect in it was not of such a character as naturally to produce the accident that occurred to the plaintiff.

Moreover, if his injury was received in the way he describes, the occurrence was quite unaccountable as well as unprecedented, there being nothing in the apparatus or in the method of its operation that would have led an ordinarily prudent employer to suppose that there was any probability of injury occurring to the plaintiff in the manner alleged. If there was nothing to charge the master with notice of such a probability, there was no duty resting upon it to warn the plaintiff of such a danger. *Bien* v. *Unger, 35 Vroom 596; Carrington* v. *Mueller, 36 Id.* 244.

Again, several witnesses testified to statements made by the plaintiff shortly after the occurrence, which showed that he was injured through mere negligence on his part. Although he denies that he made these statements, the weight of the evidence is against him upon this point. It is argued in his behalf that from the circumstances of the occurrence it is impossible for his admissions to be true, even if made. But an examination of the evidence convinces us that the account given by him at the time was not only not incredible, but was highly probable.

Upon the whole, the evidence demonstrates that the plaintiff was injured not through any fault of his employer, but through his own negligence.

The rule to show cause must be made absolute.