WILLIAM GUINN, ADMINISTRATOR OF WILLIAM C. GUINN,
DEFENDANT IN ERROR, v. DELAWARE AND ATLANTIC
TELEPHONE CO., PLAINTIFF IN ERROR.

Argued March 17th, 1905—Decided November 20th, 1905.

A telephone company maintained a guy wire in such a position that it
was likely to and did become crossed with an electric light wire
and charged with a deadly current of electricity; the guy wire
broke, and the decedent came in contact with it and was killed;
he was at the time in an open field, which the public were accus-
tomed to cross without objection by the landowner; whether he
was there of right or as a trespasser did not appear. *Held*—
(1) That the telephone company was under a duty to the decedent
to exercise care, even if he was a trespasser as between himself
and the landowner.
(2) That the jury might infer negligence from the omission of a
guard between the electric light wire and the guy wire.
(3) That the telephone company was not excused because the
danger arose after the construction of the telephone line, and was
due to the running of the electric light wire below the guy wire;
the care required changed with the changed circumstances.

On error to the Supreme Court.

For the plaintiff in error, *Edward Ambler Armstrong*.

For the defendant in error, *Peter Backes*.

The opinion of the court was delivered by

SWAYZE, J.   William C. Guinn, a lad thirteen years of age,
was killed by contact with a guy wire charged with electricity.
The wire was of a character used for telephone construction—
copper wire of a tensile strength of two hundred and fifty
pounds.   It was attached to a pole on which were strung
wires of the defendant alone.   There was no proof except by
inference that the defendant erected or owned the pole, or had
attached the wire.   In answer to an interrogatory, the de-
fendant stated that the wire had been inspected May 27th or
28th, 1904, about three weeks before the injury.   No testi-

mony was offered by the defendant. The trial judge left it to the jury to say whether the wire was put there by the servants of the defendant. We think there was sufficient evidence to warrant the inference that such was the fact.

The injury was caused by the guy wire breaking and falling on an electric light wire belonging to another company. The broken end fell in the grass in a field belonging to Gulick. Across this field people were accustomed to travel without objection, but as far as appears without other right. The boy's body was found still in contact with the guy wire shortly after the shock. It does not appear that he had any right to be on Gulick's property except such as may be inferred from the facts stated. The contention of the defendant is that it was under no duty to the decedent for the reason that he was a trespasser on Gulick's property, or at best a mere licensee.

The liability of the defendant rests upon the fact that it was maintaining wires which might become charged with a deadly current of electricity. *New York and New Jersey Telephone Co.* v. *Bennett,* 33 *Vroom* 742; *Brooks* v. *Consolidated Gas Co.,* 41 *Id.* 211.

The duty to exercise care is established as to travelers upon the highway and employes of the defendant or of another company who in the exercise of their rights are likely to come in contact with the wires, and of persons who are lawfully in a place of proximity to the wires. The question presented in this case is whether the duty exists also as to third persons who are not at the time in the exercise of any legal right. The principle underlying the case is stated by Chief Justice Beasley, in *Van Winkle* v. *American Steam Boiler Co.,* 23 *Vroom* 240 (at *p.* 247), to be that in all cases in which any person undertakes the performance of an act which, if not done with care and skill, will be highly dangerous to the persons or lives of one or more persons, known or unknown, the law, *ipso facto,* imposes as a public duty the obligation to exercise such care and skill.

The test of the defendant's liability to a particular person is whether injury to him ought reasonably to have been

anticipated. In the present case the guy wire was stretched over an open field, across which people were accustomed to travel without objection by the landowner. The adjoining field was used as a ball ground. It was probable that if the guy wire broke some one crossing the field would come in contact with it. That whoever did so was a trespasser or a bare licensee as against the landowner cannot avail the defendant. If a bare licensee, he would still be there lawfully. If a trespasser, his wrong would be to the landowner alone, not a public wrong nor a wrong to the defendant.

The case differs from one where a trespasser or licensee seeks to recover of the landowner. A landowner may in fact reasonably anticipate an invasion of his property, but in law he is entitled to assume that he will not be interfered with. His right to protect his possession and to use his property is paramount. It is these considerations which led this court to deny the liability of the defendant in the turn-table cases. *Turess* v. *New York, Susquehanna and Western Railroad Co.,* 32 *Vroom* 314; *Delaware, Lackawanna and Western Railroad Co.* v. *Reich, Id.* 635, and in *Friedman* v. *Snare & Triest Co.,* 42 *Id.* 605.

The general rule is that a person is liable for those results of his negligence which are reasonably to be anticipated; the exemption of the landowner from liability as to trespassers and licensees is necessary to secure him the beneficial use of his land, but no reason exists for extending this exemption to the case where the rights of the defendant have not been interfered with.

There is no proof that the defendant had any right to maintain the pole and wire, but even if it had the deceased is not shown to have interfered with the defendant's rights. The right to maintain the pole and wire did not involve the right to have the wire swing loose or occupy another portion of the field. Whoever interfered with the pole and wire in place might be a trespasser, but he would not be a trespasser upon the defendant's rights if he came in contact with the wire elsewhere.

The trial judge, in his charge, rested his refusal to nonsuit upon the theory that the defendant had no right to stretch the guy wire, and he therefore refused to charge that the mere fact that the boy was there as a licensee defeated the plaintiff's right to recover. We think that even if the defendant had a right to stretch the guy wire, the plaintiff might still be entitled to recover. There was no error in the refusal to charge.

The judge was asked to charge that the jury must be satisfied by the greater weight of the testimony that the defendant company was negligent or the verdict must be for the defendant. He charged that it must appear by the weight of probabilities that the defendant's servants put the guy wire there. He then left it to the jury to say whether the defendant was negligent in doing something which it did, or in leaving undone something which it should have done.

In a case where the testimony was in conflict the defendant would be entitled to have this request charged, but in the present case there was no conflict of testimony, and the only question was whether the jury would draw an inference of negligence from undisputed facts. Under the decision of this court in *Newark Electric Co.* v. *Ruddy,* 33 *Vroom* 505; affirmed, 34 *Id.* 357, in the absence of explanation by the defendant of the cause of the breaking of the wire, no other inference was open. The present case is even stronger, for here there was proof that the wire was of less tensile strength, though of greater durability, than the wire ordinarily used for that purpose.

It was permissible for the jury to infer that the omission of a guard between the electric light wire and the guy wire was an act of negligence. *Rowe* v. *New York and New Jersey Telephone Co.,* 37 *Vroom* 19.

Although the danger arose after the construction of the telephone line, and was due to the running of the electric light wires below the guy wire, the care required of the telephone company changed with the changed circumstances. *Rowe* v. *New York and New Jersey Telephone Co., supra.*

The judgment should be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, DIXON, GARRISON, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN.    10.

*For reversal*—None.