JOSEPH RHOBOVSKY, DEFENDANT IN ERROR, v. NEW JERSEY WORSTED SPINNING COMPANY, PLAINTIFF IN ERROR.

Submitted March, 1908—Decided June 15, 1908.

The duty of a master to warn a servant of peril incident to the employment applies to those dangers only which are known to the master, or are discoverable by him in the exercise of reasonable care.

---

On error to the Supreme Court.

For the defendant in error, *Lewis A. Allen.*

For the plaintiff in error, *Humphreys & Sumner.*

The opinion of the court was delivered by

VOORHEES, J. The plaintiff was employed by the defendant for the first time on the day before the happening of the accident which is the subject of this suit. He was to learn to run a spinning machine. He commenced his work at seven o'clock in the morning and was told to watch the men who were operating such a machine, and so continued until noon. At one o'clock on the same day he was ordered to put cylinders and weights into a mule spinner, a new machine, which had never been in operation but was being set up. The boss told him to go under the machine and put in the weights. He crawled under it and so worked until six o'clock of that evening. The next morning he returned to his work on the mule spinner at seven o'clock and was so engaged until between eight-thirty and a quarter to nine, when the accident happened.

This mule spinner has a movable carriage some one hundred feet in length, designed to move inwardly and outwardly to and from the stationary part of the machine. The accident was in consequence of the sudden movement of this carriage inwardly without any warning, whereby the plaintiff was caught while so at work between the stationary part of the machine and the carriage, producing the injuries which are the foundation of this suit.

The theory upon which the action is brought is the failure of the defendant to instruct the plaintiff as to the dangers surrounding the work and in directing the plaintiff to go under the machine and work between the parts while the machine was connected by belts and pulleys. The plaintiff's evidence simply showed that the machine was a new machine, that he was told to go under it and assist in setting it up by putting in the cylinders, that he had never seen such a machine before and that all the time that he was working the carriage had remained stationary, that he did not know what caused the machine to start. A motion to nonsuit was refused.

The uncontradicted testimony of the defendant showed that when the condition of the mule spinner was last observed at

eight o'clock on the morning of the day of the accident, and
about an hour and a half before the accident happened, the
"brake" was set so that the power for driving the carriage was
disconnected; and also that the driving belt of the machine
was on the loose pulley. The power to move the carriage which
caused the injury was applied through a belt by means of a
tight and loose pulley which communicated with a "clutch and
cone" friction appliance, which latter was controlled by an
appliance which prevented the clutch from closing down upon
the cone, called in the case a "brake." The evidence also
showed that while either of these conditions prevailed, that is,
so long as the belt was on the loose pulley, irrespective of the
condition of the brake, or so long as the brake was properly
set, irrespective of whether the belt was on the loose or the
tight pulley, the carriage could not move inwards. In other
words, in order to move the carriage it was necessary that
two conditions should concur—*first,* that the belt should be
upon the tight pulley; and *secondly,* that the brake should
also be so set that the clutch would engage the cone.

At the close of the evidence a motion to direct a verdict for
the defendant was refused by the trial court. The jury found
a verdict for the plaintiff, upon which the judgment under
review was entered.

In the absence of notification to the master of the employe's
ignorance, the servant assumes the inherent risks of the em-
ployment and those obvious risks which the law would pre-
sume he ought to know. Assuming, however, that in this
case the master had implied notice of the ignorance of the
plaintiff, yet the plaintiff cannot rely upon the failure of the
employer to instruct him. The doctrine of instruction by
the master does not extend to those dangers which the em-
ployer himself cannot be deemed to have foreseen. It appears
that this machine was in its normal condition, with its brake
set properly to maintain the carriage in a state of rest, and
with the power unapplied; that is, the belt was on the loose
pulley and the clutch was disengaged from the cone, each
designed to prevent movement of the machine. While the
brake and belt were in this condition there was no movement

of the machine to be expected or danger to be apprehended. No abnormal condition of the machine was shown, and it cannot be said that the master should have foreseen any danger in this particular so as to charge him with negligence in not giving warning to the employe. Such being the case, the place where the plaintiff was sent was not one of peculiar danger. There was no danger attendant upon the working under this machine which was reasonably to be apprehended by anyone. Hence the duty to warn did not arise. *Shearm. & R. Negl.,* §§ 185-203; *Wagner* v. *Jane Chemical Co.,* 147 *Pa. St.* 475.

It must be conceded that if the machine from previous operation had shown a tendency to start suddenly, even then something in the nature of *scienter* should have been proved. *Bien* v. *Unger,* 35 *Vroom* 596. A *fortiori,* was it necessary to prove circumstances to the knowledge of the master likely to make the carriage a dangerous agency when the power was thus doubly shut off from it?

The evidence left in doubt and did not explain what caused the machine to move. If it arose from a defect in the mechanism it should have been pointed out, but this was not done. If it was the result of human agency, then if it was the hand of a stranger which set it in motion, the master would not be liable. If it was the act of a fellow-employe, in like manner no liability could be visited upon the master. On this latter subject the case of *Siddall* v. *Pacific Mills,* 162 *Mass.* 378, is instructive. It was there said:

"It was negligence of such a kind that no instruction which the defendant could have given the plaintiff in regard to the method of doing his work would have been likely materially to diminish the risk of injury from it. The risk of injury from negligence of his fellow-servant is one which an employe assumes by virtue of his contract to engage in the service, even though neither he nor his employer can foresee the dangers which may result from such negligence. Ordinarily the employer is not called upon to instruct a young and inexperienced person in regard to dangers which can only result from the negligence of fellow-servants. It is not to be presumed

that others will neglect their duties, and a boy cannot expect to be instructed as to what to do in a situation which is not to be expected in the ordinary course of the business, and which can only exist through the fault of another. But if we assume in favor of the plaintiff, without deciding, that the risk of particular dangers from this cause may sometimes be so great and so obvious to the employer that he ought to give an inexperienced boy warning and instructions in regard to them, he is called upon to do so only when he himself ought reasonably to anticipate them, and when his instruction would be likely materially to diminish the danger to his employe. In the present case there is no evidence to warrant a finding that he owed the plaintiff such a duty. The danger of such an injury was very remote and improbable. It could only come from negligence which the employer had no reason to expect."

So here it cannot be said that the master ought reasonably to have anticipated that the carriage, secured as it was by two appliances designed for the purpose, was likely to move, or could move except by reason of unwarranted interference not to be presumed. Nor is it clear under the circumstances of this case what instruction the master could have given which would have been effectual to guard the servant.

But the plaintiff in his proof has not sustained the burden which the law casts upon him. In *Suburban Electric Co.* v. *Nugent, 29 Vroom* 658, it is said: "The plaintiff must do more than show possible responsibility of the defendant, and in the absence of direct evidence he must show such circumstances as would justify the inference that the injury was caused by the wrongful act of the defendant, and exclude the idea that it was due to a cause with which the defendant was unconnected." There was no direct evidence as to what caused the injury, and the plaintiff, by failing to exclude other possible causes for which the master would not be responsible, has simply left it to be conjectured by the jury that the defendant was responsible.

The judgment should be reversed.

*For affirmance*—VREDENBURGH, J.  1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VROOM, GREEN, GRAY, DILL, J.J.  15.