CLARK L. BORTON, PLAINTIFF IN ERROR, v. EXCELSIOR DRUM WORKS, DEFENDANT IN ERROR.

Argued March 10, 1911—Decided June 19, 1911.

In order to charge a servant with contributory negligence, based alone upon the alleged violation of instructions regarding the use of a dangerous machine, the act of the servant must be a negligent or intended disregard of the instructions, and not an accidental happening resulting from an attempt to perform the service according to the master's instructions, so where the instruction given was to avoid putting the hand on the top of a die, and the hand of a servant who was attempting to remove the die from under a mechanical hammer, in the manner instructed, accidentally slipped over the top of the die and was injured, it was error to direct a verdict for the defendant upon the ground that plaintiff had so violated his instructions as to be guilty of contributory negligence.

On error to the Supreme Court, Camden County Circuit.

For the plaintiff in error, *Wescott & Wescott.*

For the defendant in error, *George J. Bergen.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff, as servant of defendant, was operating a mechanical hammer used to drive a metal die through pieces of thin wood or veneer, thus cutting the wood the shape of the die. After the hammer fell it ascended, and, when in order, remained stationary until set in motion by a foot pedal pressed by the operator. While stationary, it was the duty of the operator to remove the die from under the hammer, take out the pieces of wood, put other pieces on the table, replace the die, and then trip the hammer. While using this machine and endeavoring to take out the die the hammer unexpectedly tripped of its own motion and caught plaintiff's fingers between it and the top of the die, cutting off the ends of two of them, which injury is the basis of this action. At the close of the case the trial court directed a verdict for the defendant on the ground that the plaintiff had violated his instructions not to put his hand on the top of the die. There was testimony tending to show that the machine was erratic in its working, frequently tripping of its own volition; that plaintiff had called the attention of the foreman to its defective condition; that an attempt was made to repair it, and on the day of the accident plaintiff was assured that it was in order. I am of opinion that the evidence of the history of this dangerous machine was sufficient to raise a question for the jury to settle whether the master was not negligent in putting the plaintiff to work upon it, there being evidence that he knew of it. It does not present the situation existing in *Bien* v. *Unger,* 35 *Vroom* 596, where Mr. Justice Garrison said he was unable to find any proof that the machine had ever before so acted that its behavior on the occasion when the plaintiff was injured should or could have been anticipated. In this case there is proof that the machine tripped on several occa-

sions, and also proof from which the jury might well infer that the master knew that the hammer was liable to trip without being set in motion by the operator, nor was the direction of the verdict rested upon the absence of negligence on the part of the defendant, but on the contributory negligence of the plaintiff. What is claimed for the plaintiff is that in attempting to remove the die at the time he was hurt, the hammer had driven the die with such force that it had cut through the wooden veneer and into the table on which it rested, so that when he tried to move it, it stuck to the table, and when he made a second attempt his fingers slipped just over the top of the die and the hammer coming down at that time, his two fingers were caught and the ends of them cut off. The plaintiff admits that he was particularly instructed never to put his hand over the top of the die, but to place his fingers along the side of it when he removed it, and if it conclusively appeared that he had intentionally disobeyed his instruction, the direction for defendant would have had some foundation, but I do not find that the testimony supports such conclusive violation of instructions as to warrant the withdrawal of the question from the jury. The defendant in error insists that the testimony of the plaintiff conclusively shows that he put his hand on the top of the die contrary to his master's plain instructions. There is a want of particularity in the description of the accident by the plaintiff. In one part of his testimony he says that he made an effort to get the die out, but it was so driven into the wooden table that he could not move it and his fingers slipped off; that he made a second grab for it, and his hand was on the top of the die when the hammer came down upon it, but upon a redirect examination he said, "On the question of taking that mould out my fingers slipped on to the top of it." So I think there was a jury question whether he put his hand over the top of the die in violation of his instructions, or whether he did observe his instructions, but, owing to the condition of the die, his fingers slipped from its side to the upper edge, and over the top, sufficiently far to allow the hammer to catch the ends of his fingers. I cannot concede that the evidence shows conclusively such a violation

of instructions as to charge the plaintiff with contributory negligence, for in order to charge a servant with contributory negligence, based alone upon the alleged violation of an instruction regarding the use of a dangerous machine, the act of the servant must be a negligent or intended disregard of the instructions, and not an accidental happening resulting from an attempt to perform the service according to the master's instructions.

The judgment under review is reversed, and a new trial ordered.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, CONGDON, SULLIVAN, JJ. 13.