WILLIAM SOHN AND GERTRUDE SOHN, HIS WIFE, PLAINTIFFS-APPELLEES, v. HARRY KATZ AND HERBERT KATZ, DEFENDANTS-APPELLANTS.

Submitted January 27, 1933—Decided July 29, 1933.

Before Justices BODINE and DONGES.

For the defendants-appellants, *Mark Townsend, Jr.*

For the plaintiffs-appellees, *Joseph T. Lieblich.*

PER CURIAM.

The plaintiff William Sohn was engaged in painting a house when he met with the injuries for which he recovered damages. The house being painted adjoined the property of Mrs. Rose Katz. The lots were narrow and the plaintiff placed his ladder in the Katz yard, whether by permission or otherwise seems immaterial under the proofs. The defendant Herbert Katz, driving his father's car home for lunch, saw the ladder near the Katz driveway. On his way to the garage he passed the ladder, observed its position and the painter on it. Having finished lunch he entered the car in order to drive to the railroad station to meet his father. Backing the car down the driveway, and looking merely at the grass he struck the ladder, and the plaintiff fell from the top suffering severe injuries.

The trial judge submitted the issues of negligence and contributory negligence to the jury.

The landowner's duty of care toward a licensee or trespasser are not here involved. Of course, the landowner is not bound to anticipate the presence of a stranger upon his lands and is, therefore, not negligent in failing to protect a trespasser from injury. In this case, however, Herbert Katz did know of plaintiff's presence upon his mother's lands. He cannot, therefore, escape liability merely because he chose to back the car without looking where he was going. The father is liable for the negligence of his son while driving his car for his purposes.

Knowing of the presence of the painter and the ladder, the case is similar to that of a locomotive engineer seeing a flock of cattle or a carriage upon the railroad's right of way. Liability cannot be avoided because the operator of the automobile chose not to look, when he could have done so and by so doing would have avoided the injury which resulted from his carelessness. *Telfer* v. *Northern Railroad Co.*, 30 *N. J. L.* 188. The defendants cannot set up the plaintiff's trespass, if it were such, upon the lands of another as an excuse for their own willful, unnecessary or negligent acts. 1 *Shearm. & R. Neg.* (*6th ed.*) § 97; *Guinn* v. *Delaware and Atlantic Telephone Co.*, 72 *N. J. L.* 276; 62 *Atl. Rep.* 412.

The trial court could not have taken the case from the jury and the charge given, in so far as it is before us by appropriate exception, appears to have been, if anything, more favorable to the defendants than was required by law.

The judgment is affirmed.