Plaintiffs appeal from a judgment of dismissal, entered by the Superior Court, Law Division, in *Page 171 
an action wherein plaintiffs claim damages allegedly caused by defendant's negligence arising out of a fire on June 7, 1946, which had its origin in a shed on defendant's property immediately adjacent to the apartment house in which plaintiffs resided, severely damaging their dwelling house and causing plaintiffs' damages.
Plaintiffs contend that the court erred in granting defendant's motion for a dismissal at the end of plaintiff's case, asserting that their proofs brought their case within the rule of res ipsaloquitur; that the court, therefore, should have required defendant to go forward with its proof to explain, if within its knowledge, the cause of the fire. Defendant denies plaintiffs' contention and insists that the motion for dismissal was properly granted.
From our examination of the proofs, we are of the opinion that plaintiffs established an inference of negligence against defendant within the doctrine of res ipsa loquitur. At the argument, plaintiffs conceded that the defendant stated correctly the well settled maxim of res ipsa loquitur, as defined inMumma v. Easton Amboy R. Co., 73 N.J.L. 653 (E. A.
1906), viz.:
"* * * This principle (res ipsa loquitur) is that when, through any instrumentality or agency under the management or control of a defendant or his servants, there is an occurrence, injurious to the plaintiff, which in the ordinary course of things would not take place if the person in control were exercising due care, the occurrence itself, in the absence of explanation by the defendant, affords prima facie evidence that there was want of due care. * * *" (Parenthesis ours.)
Defendant argues that plaintiffs' proofs failed either to establish a prima facie case of negligence against defendant, or make the rule of res ipsa loquitur applicable. Plaintiffs' evidence established these uncontroverted facts: the defendant corporation, in addition to its manufacturing plant, occupied and controlled a lot across the street from its plant adjacent to the apartment house in which the plaintiffs resided; that the fire had its origin in a shed on this lot; that the lot in question was enclosed, with a gate for ingress and *Page 172 
egress; that highly inflammable materials consisting of oily bags, containing inflammable aluminum turnings, were stored in the shed; that opposite to the lot and in front of the defendant's plant, across the street from the shed, a company guard was stationed; that smoke was observed coming from the shed, which almost immediately broke out into a fire of great intensity, a loud noise or report occurred, with the flames shooting up into the air alongside the apartment occupied by the plaintiffs, to the height of the roof of the apartment, thereby setting the apartment house on fire and causing plaintiffs' damages.
As stated, under plaintiffs' proofs, the occurrence here in the absence of defendant's explanation, afforded prima facie
evidence that there was want of due care. Mumma v. Easton Amboy R. Co., supra; cf. Cicero v. Nelson Transportation Co.,Inc., 129 N.J.L. 493 (Sup. Ct. 1943). It clearly appears by the evidence that defendant was in exclusive possession of the lot and shed and that the fire which caused plaintiffs' damages was an occurrence which was not in the ordinary course of things; that under the posture of plaintiffs' proofs, the law imposed upon defendant the duty of offering explanatory, if not exculpatory, testimony; that it was not necessary for the plaintiffs to produce any direct proof of actionable negligence.Stevenson, in his Treatise on "The Negligence Law in NewJersey," at page 311, states:
"The doctrine (res ipsa loquitur) is strictly one of evidence. The burden of proof is not shifted by it. The limit of its application is that when it is invoked it creates a permissible inference of negligence for the consideration of the jury. Whether this inference exists after explanation depends upon whether the thing involved comes within the purview of matters under the control of the defendant." (Parenthesis ours.)
See Newark Electric Co. v. Ruddy, 62 N.J.L. 505 (Sup. Ct.
1898); Bien v. Unger, 64 N.J.L. 596 (E. A. 1900). When an injurious accident occurs, arising out of conditions that are wholly within the control of the defendant and where such an accident would not ordinarily occur in the absence of want of due care, an inference of negligence may be drawn. *Page 173 
When proof of the happening of such an accident is proffered, it is sufficient to put the defendant on his defense to prove the contrary. Gilroy v. Standard Oil Co., 107 N.J.L. 170 (E. A. 1930).
In view of our determination of this issue, it is unnecessary to discuss other grounds advanced by plaintiffs for reversal of the judgment.
The judgment of dismissal is reversed and a trial de novo is directed, with costs.