## CLEVELAND ICE CREAM v. CALL.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8431. Decided April 30, 1928.

Syllabus by Editorial Staff.

**AUTOMOBILES.**
(50 Na2) That truck was in habit daily, as a rule, of halting in front of restaurant and delivering commodities in which alleged owner dealt, sufficient to establish fact that truck and driver were engaged in owner's business. These facts, together with name of alleged owner painted on truck, sufficient to establish ownership.

(50 Ah) Where truck was running wild without driver, at time of collision which produced injury, doctrine of res ipsa loquitur applies. Runaway truck coming down hill without any one in control, speaks for itself, and under this doctrine, jury has a basis for inferring that negligence of owner was cause of accident.

**NEGLIGENCE.**
(370 R) Principle of res ipsa loquitur imports that prima facie case can be made out without direct proof of actionable negligence. This doctrine of law means that jury is justified in verdict based upon their knowledge as men of the world that accidents like the one at bar do not happen except through some miscarriage of duty on part of defendant sought to be held. Inference is established that it was defendant's fault unless it is justified, explained or excused.

Error to Common Pleas.

Judgment affirmed.

Joseph B. Keenan, Cleveland, for Cleveland Ice Cream Co.
Newcomb, Newcomb & Nord, Cleveland, for Call.

STATEMENT OF FACTS.

This is a proceeding in error from the Common Pleas Court of Cuyahoga County and it is sought to reverse a verdict and judgment of $3000.00 recovered for personal injuries

happening to one Edward Call, defendant in error, on October 28, 1925; while he was employed as a crossing watchman by the Big Four Railroad at what is known as the Columbus Road crossing in the City of Cleveland. He was in line with his duty in the watchman's shanty, when a truck on which was painted, "Cleveland Ice Cream Co." and loaded with small chunks of ice, ran wild without a driver, down a steep hill on this road, and with force and violence crashed into the shanty occupied by the watchman, and inflicted serious injuries for which he recovered and about which as to the amount, there is no question raised. Neither is there any question raised as to the charge of the court. No evidence was adduced on the part of the company in the trial of the case, excepting medical testimony appertaining to the injuries alleged. This leaves the testimony, excepting as to the medical evidence, unchallenged.

It is claimed that the court committed prejudicial error in not directing a verdict for the company on the ground that the testimony was insufficient to show the ownership of the truck in the company and that the truck was driven by a servant of the company and was engaged in the business of the company at the time of the injury.

SULLIVAN, PJ.

There is credible evidence in the record, unchallenged, that the truck was in the habit daily, as a rule, of halting at the top of the hill in the road in question, where there was located a certain restaurant and on such occasions commodities connected with the ice cream industry were delivered by persons in charge of the truck or one similar to it, to the proprietor of the restaurant. Thus it is established in the record by credible evidence that the ownership of the truck was in The Cleveland Ice Cream Co., and that on these occasions when its goods were delivered, the truck and the driver thereof, was on the business of the company. These facts are sufficient to establish liability in the company because this truck, the property of the company on the business •of the company, was running wild without a driver, at the time of the collision which produced the injury. This we think, makes a clear case of res ipsa loquitur.

The principle of res ipsa loquitur imports that a prima facie case can be made out without any direct proof of actionable negligence.

Bien v. Unger, 46 Atl. 593, 64 N. J. Law 596.

This doctrine of law means that a jury is justified in a verdict based upon their knowedge as men of the world and that accidents like the one at bar do not happen excepting through some miscarriage of duty on the part of the defendant sought to be held, and the inference is established that it was the defendant's fault unless it is justified, explained or excused in some manner and in the instant case there was no attempt to make any explanation whatsoever and therefore the inference and the cimcumstances deducible from the credible evidence in the case, are unchallenged and this doctrine is laid down in Pinney v. Hall, 156 Mass. 225.

The runaway truck in coming down the hill without anyone in control, speaks for itself and under the doctrine under discussion a jury has a basis for inferring that the negligence of the defendant was the cause of the accident.

There is no other rational conclusion to be reached from the collision in the instant case, under the circumstances and environment which surrounds it but that the defendant in error was lacking in the exercise of ordinary care. By reason of these premises we hold that sufficient negligence has been established by the record to show a prima facie case and inasmuch as there is no defense, this case remains unchallenged and undenied.

Holding these views, the judgment of the lower court is hereby affirmed.

(Vickery and Levine, JJ., concur.)