### CLEVELAND RY. CO. v. THOMAS.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8874.   Decided Nov. 19, 1928.

Squire, Sanders & Dempsey, Cleveland, for Cleveland Ry. Co.

Harry F. Pattie, Cleveland, for Thomas.

**PER CURIAM.**

It is well settled that in cases where the doctrine of res ipsa loquitor is held applicable that the same amounts merely to an inference of negligence which justifies a finding for the plaintiff on negligence but does not compel it and the jury is the judge as to what importance shall be attached to this inference of negligence raised by the doctrine res ipsa loquitor.

Likewise the evidence offered in explanation and in an effort to undo the effect of the application of the doctrine is also a question for the jury.

In the case of **Glowacki vs The Northwestern Railway & Power Co., Ohio Law Bulletin, June 27, 1927, 392** the court said:

"Where the allegations in a petition and the evidence offered in support thereof call for the application of the rule of res ipsa loquitor and where the defendant has offered evidence tending to meet and explain the circumstances, it is the duty of the court when requested so to do by either party, to submit the question to the jury under proper instructions.

The weight of the inference as well as the weight of the expanation offered to meet the inference is for the determination of the jury in a jury trial or for the determination of the court when the court is the trier of the facts."

The jury accordingly may accept the explanation offered or it may reject the explanation as improbable. It all depends upon the particular case and the particular circumstances.

Upon the above consideration we find no error in the charge of the court.

As to the point made that the verdict is manifestly against the weight of the evidence we are unable to find ourselves in accord with such conclusion.

Judgment of the Common Pleas Court is therefore affirmed.

Sullivan, P. J., Vickery and Levine JJ. concur.