## McCOY v LEET LUMBER CO

Ohio Appeals, 4th Dist, Scioto Co
Decided May 19, 1930

Ernest G. Littleton and Howard P. York, Portsmouth, for McCoy.

Horace L. Small, Portsmouth, for Lumber Co.

**BLOSSER, J.**

The evidence discloses that Dilley was an employe of the defendant and received for his services a stipulated amount as salary monthly; that he at times remained in the office of the defendant and received orders; that he usually used his own automobile in going to and from the places where he made measurements and estimates of materials to be furnished by the defendant in the erection of houses and buildings; that on the occasion in question he was using his automobile in the performance of his said duties. The evidence shows that Dilley received three dollars per week for expenses, which included the use of his automobile if he chose to use it.

It is claimed by the defendant that Dilley under the terms of his employment was free to use his own pleasure as to his mode of conveyance; that on the occasion in question he chose to use his car and that the case does not come within the rule making his employer liable for his acts. The answer states and the evidence shows that at the time in question Dilley "by the direction of the defendant went to a building north of plaintiff's house for the purpose of making an estimate of materials required to finish said building". It will thus be seen that Dilley was at the time engaged in the business of the defendant.

The fact that he used his own automobile would not absolve the defendant from liability. The fact that he was allowed three dollars per week for expenses, including the use of his machine, would have the same effect as tho he were using the defendant's automobile. In effect, the defendant was merely hiring Dilley's automobile for his use in its business. As far as the record discloses, Dilley devoted his entire time to his duties with his employer and had no other employment. We think it is clear that Dilley at the time of the accident was in the employ of the defendant and acting within the scope of his employment, and that the lumber company is responsible for his acts at that time. A similar question wes decided by this court sitting in Ross County in the case of **William H. Runkle v. The Spetnagle Hardware Company.** The principle involved is discussed and decided in the case of **Auer, Executor v. St. Clair Refining Company, et al, 137 Atl. 555, 54 A. L. R. 623,** and numerous annotations.

From the facts stated in the record there is a presumption of negligence on the part of Dilley.

"Where a loaded automobile truck, while on owner's business, runs wild without driver, causing injury and damage, the doctrine of res ipsa loquitur applies, rendering owner liabble for damages caused by the run-a-way truck."

**The Cleveland Ice Cream Co. v. Call, 28 Ohio App. 521.**

In the case cited the court said in the opinion that the doctrine of res ipsa loquitur means

"that a jury is justified in a verdict based upon their knowledge as men of the world that accidents like the one at bar do not happen except thru some miscarriage of duty on the part of the defendant sought to be held, and the inference is established that it was the defendant's fault unless it is justified, explained or excused in some manner."

In the instant case there was no attempt on the part of the defendant to explain, justify or excuse the starting of the automobile in question. In the absence of any evidence of this kind there is a prima facie case of negligence against the defendant. From common knowledge of automobiles we must infer that the reason for the automobile in question starting down the incline was defective brakes or Dilley's failure to set the brakes or his negligence in the manner in which he parked the car. The authorities outside of Ohio on this question are collated in **64 A. L. R. 260.**

As we interpret the record, the Court of Common Pleas never reached the second proposition agreed by counsel to be at issue in the trial and consequently we are not now called upon to pass upon it.

The Court of Common Pleas having erred in holding that there was no liability on the part of the defendant, the judgment is reversed and the case remanded for further proceedings according to law.

Middleton, PJ, and Mauck, J, concur.