**ROSEMAN v SERMAN**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12025. Decided April 25, 1932

Garfield, Cross, MacGregor, Daoust & Baldwin, Cleveland, for plaintiff in error.

Elmer I. Schwartz, Cleveland, for defendant in error.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ, (5th Dist), sitting.

**MONTGOMERY, J.**

The assignments of error relied upon are two; first, that the Court of Common Pleas erred in refusing to sustain the motion of defendant below for judgment upon the pleadings and statement of counsel; and second, that the Common Pleas Court erred in overruling the motion of defendant below for judgment, at the conclusion of plaintiff's case.

Counsel on both sides concede that the real question in this case is the application to it of the doctrine of res ipsa loquitor, the claim of the plaintiff in error, as stated in open court by his counsel, being not that the verdict was against the weight of the evidence, but that under the pleadings and the evidence he is entitled to a final judgment in his favor.

It will be noted that the petition makes no allegation of negligence on the part of the defendant other than the parking of his car on this inclined driveway, and the subsequent running down the driveway of the car without any driver, and it is contended that there are in fact no allegations of negligence against the defendant below.

The decision of the Court of Appeals of this district, in the case of **Ice Cream Co. v Call, 28 Oh Ap 521, (6 Abs 610),** is pertinent. The syllabus of that case is as follows:

"Where a loaded automobile truck, while on owner's business, runs wild without driver, causing injury and damage, the doctrine of res ipsa loquitor applies, rendering such owner liable for damages caused by the runaway truck."

On page 524 of the opinion, the court says:

"The principle of res ipsa loquitor imports that a prima facie case can be made out without any direct proof of actionable negligence."

To the same effect is the case of **McCoy v Leet Lumber Co., decided by the Court of Appeals of the 4th District, and reported in 8 Abs, 434.** The second branch of the syllabus is as follows:

"The doctrine of res ipsa loquitor applies where automobile runs wild down incline."

Huddy on Automobiles, §345, says:

"Thus the doctrine of res ipsa loquitor may arise when a machine runs upon a sidewalk and strikes a pedestrian."

Blashfield in his Cyclopedia of Automobile Law, Vol. 2, page 1625, §28, discusses the doctrine of res ipsa loquitor, under the caption, "State of Pleadings As Affecting Application of Rule," and he advances the proposition that the averment of specific acts of negligence, instead of relying merely on general allegations of negligence, would

require proof of the specific acts and prevent reliance on the averment of negligence which might otherwise obtain under the res ipsa loquitor doctrine. This is upon the theory that the application of the rule fails when the plaintiff, by his petition, admits that he knows the particular negligent act upon which he relies.

In the case at bar, the defendant below, as an explanation of why this automobile did run down the incline after it had been parked and left by him on this inclined driveway, offered the evidence of his son and his nephew, who were young boys, to the effect that they had gotten into the car which had not been locked, and had gone through the motions of driving the same. The nephew admitted that he had released the brakes and afterwards applied them. The releasing of the brakes by another person, without the authority of the owner, could be an explanation of the fact of the car running as it did, but the validity and the sufficiency of that explanation as a defense are questions for the jury.

Attention is directed to the case of **Glowacki v N. W. Ohio R. R. & Power Co., 116 Oh St, 451,** the second branch of the syllabus of which is as follows:

"Where the allegations in a petition and the evidence offered in support thereof call for the application of the rule of res ipsa loquitor, and where the defendant has offered evidence tending to meet and explain the circumstances, it is the duty of the court, when requested so to do by either party, to submit the question to the jury under proper instructions."

"Evidence offered in explanation and in effort to undo effect of application of doctrine is a question for the jury." **Cleveland Ry. Co. v Thomas, 7 Abs 23.**

Berry on Automobiles, Vol. 1, §236, in discussing the rebuttal of this doctrine by the defendant's evidence states that:

"It is for the jury to determine whether defendant's evidence was sufficient to overcome the presumption of negligence arising from the happening of the accident."

To the same effect is Blashfield in his Cyclopedia of Automobile Law, Vol. 2, page 1757, §2.

In the instant case the trial court properly submitted this question to the jury and charged the jury correctly.

Finding no error in the judgment of the Common Pleas Court, it follows that the same must be and is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and LEMERT, J, concur.