# Greenwood Cafe *v.* Lovinggood.

### Serving Unwholesome Food.

(Decided May 18, 1916. Rehearing denied June 30, 1916.
72 South. 354.)

1. **Foods; Unwholesome; Complaint.**—Where the action was against the owners of a cafe for damages for serving tainted food, a complaint charging that defendants were running a cafe, and serving meals to the public for a reward, that plaintiff was their customer, that their agents, in the line of their duty, negligently served to plaintiff tainted food, for which plaintiff paid defendant's agent the sum of 25 cents, and that the food served rendered him sick, etc., sufficiently averred defendant's liability for the negligence.

2. **Same; Quality; Keeper of Eating House.**—A keeper of a hotel, dining car, cafe, or other public eating house, engaged in the business of serving food to customers, is bound to use due care to see that the food served is fit for human consumption, and may be eaten without causing sickness, or endangering life by reason of its condition, and hence, for negligence in failing to observe such duty to his patrons, such keeper is liable.

3. **Same; Evidence.**—In an action against a cafe keeper for damages for serving tainted food, the testimony of a witness that after he and plaintiff had ordered and eaten the roast chicken served, he was sick all night, was admissible.

4. **Evidence; Expert; Ptomaine Poisoning.**—Where the action was against cafe keeper for serving tainted food, it was competent for a physician of long experience in general practice, in reply to a question sufficiently hypothesizing plaintiff's evidence, to give his opinion that ptomaine poisoning may be contracted by eating impure food or tainted meat, that the eating of tainted chicken may cause such poisoning to a human being, and that such taint in meat may be detected by its odor, or by placing it under a microscope.

5. **Appeal and Error; Harmless Error; Instruction.**—The explanation by the court of his given charge, which was not a qualification thereof, and was possibly more favorable to defendant than he could have asked, cannot be made the basis of error or complaint by defendant.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by J. T. Lovinggood against the Greenwood Cafe. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

The complaint charges that on or about September 11, 1914, defendants were engaged in the city of Birmingham, Ala., in

[Greenwood Cafe v. Lovinggood.]

running a cafe and serving meals to the public for a reward, and plaintiff was a customer of defendant on said date, and the agent or servants of defendant while acting in the line and scope of their duty negligently served to plaintiff tainted and unwholesome food, for which plaintiff paid defendant's agent 25 cents; that said food was eaten by plaintiff, and it made him very sick, etc. Plaintiff avers that the negligence of defendant's servants in serving him with tainted and unwholesome food to eat was the proximate cause of plaintiff's sickness. The court at the request of defendant gave charge 8, as follows:

"If you believe the evidence in this case, you cannot assess any punitive damages in favor of plaintiff and against the defendants." But added the following orally, "that is, damages for the purpose of punishing, but not compensating him for his alleged sickness."

ERLE PETTUS, for appellant. J. W. DAVIDSON, for appellee.

THOMAS, J.— (1) The trial was had on a complaint charging that defendants were engaged in running a cafe and serving meals to the public for a reward; that plaintiff was a customer of the defendants; "that the agents and servants of the defendants, while acting in the line and scope of their duty to the defendants, negligently served to plaintiff tainted and unwholesome food, for which plaintiff paid defendants' agents 25 cents;" and "that said food was eaten by plaintiff, and it made him very sick, and caused plaintiff to suffer great pain, and to incur expense for medical treatment." The complaint further avers "that the negligence of the defendant's servants in serving him with tainted and unwholesome food to eat was the proximate cause of plaintiff's said sickness."

The complaint sufficiently avers the duty owed by defendants, in the conduct of their cafe, not to serve to plaintiff as a customer tainted and unwholesome food; that the food so served to plaintiff was tainted and unwholesome; and that plaintiff's partaking thereof was the proximate cause of the sickness and damages complained of and sued for.

(2) The keeper of a hotel, dining car, cafe, or other public eating place, engaged in the business of serving food to customers, is bound to use due care to see that the food so served to the public, his customers, at his place of business, is fit for

human consumption and may be eaten without its causing sickness or endangering life by reason of its condition. For negligence in failing to observe this duty to the public or his patrons, a defendant would be liable.—*Travis v. L. & N. R. R. Co.,* 183 Ala. 415, 62 South. 851; *Pantaze v. West,* 7 Ala. App. 599, 61 South. 42; *Sheffer v. Willoughby,* 163 Ill. 518, 45 N. E. 253, 34 L. R. A. 464, 54 Am. St. Rep. 483; *Bishop v. Weber,* 139 Mass. 411, 1 N. E. 154, 52 Am. Rep. 715; *Craft v. Parker-Webb Co.,* 96 Mich. 245, 55 N. W. 812, 21 L. R. A. 139; *Huset v. Case Mch. Co.,* 120 Fed. 865, 57 C. C. A. 237, 61 L. R. A. 303; *Watson v. Augusta Brew. Co.,* 124 Ga. 121, 52 S. E. 152, I L. R. A. (N. S.) 1178, 110 Am. St. Rep. 157; *Tomlinson v. Armour & Co.,* 75 N. J. Law, 748, 70 Atl. 314, 19 L. R. A. (N. S.) 923; *Stringfellow v. Grunewald,* 109 La. 187, 33 South. 190; *Doyle v. Fuerst & Kraemer,* 129 Ala. 838, 56 South. 906, 40 L. R. A. (N. S.) 480, Ann. Cas. 1913B, 1110.

The demurrer to the complaint was properly overruled.

The case was tried on defendants' plea of the general issue, with leave to give in evidence any special defense as if well pleaded.

(3) No error was committed by the court in the ruling on the admission of the evidence of the witness West. The witness had stated that he and plaintiff had ordered roast chicken, which was served to them by the defendants; and its condition and its effect on witness was some evidence to go to the jury in corroboration of plaintiff's testimony on the issue being tried. This was not the statement of a conclusion condemned in *Weller & Co. v. Camp,* 169 Ala. 275, 52 South. 929, 28 L. R. A. (N. S.) 1106; *Lawrence v. Kaul Lbr. Co.,* 171 Ala. 300, 55 South. 111. The reply of the witness was simply, "I was sick all night." He did not say that the chicken made him sick. This inference was left for the jury to draw, under the authority of *Travis v. L. & N. R. R. Co.,* 183 Ala. 415, 427, 62 South. 851. The fact that witness usually ate at defendants' cafe and "always got good food there" shed no light upon the issue whether plaintiff was served with tainted and unwholesome food.

(4) It was competent for Dr. Barclay, a physician of long experience in the general practice, in reply to a question that sufficiently hypothesized plaintiff's evidence, to give his opinion that ptomaine poison may be contracted by eating impure food or tainted meats, that the eating of tainted chicken may cause

[Thomas, et al. v. Davis.]

such poisoning to a human being, and that such taint in meat may be detected by its odor or by the microscope.—*B. R., L. & P. Co. v. Fisher,* 173 Ala. 623, 55 South. 995; *Travis v. L. & N., supra; Pantaze v. West, supra.*

In *Pantaze v. West, supra,* it was properly held that the court should not allow questions propounded to witnesses calling for their general knowledge of the products bought by the defendant for the use of his restaurant, etc. The same rule is applicable to the questions here sought to be propounded to defendant Greenwood, as to how he usually cooked and served chicken, in his cafe, and whether he frequently inspected his kitchen. The fact that witness frequently inspected his place was not competent evidence to explain the condition of the chicken served to plaintiff.

(5) Certainly the defendant cannot complain of the court's explanation of his given charge 8. It was not a qualification of the charge, but an explanation thereof that was possibly more favorable to defendants than they could have asked.—*Callaway & Truitt v. Gay,* 143 Ala. 524, 39 South. 277; *Eiland's Case,* 52 Ala. 322; *Barker v. State,* 2 Ala. App. 92, 57 South. 88.

The cause was properly submitted to the jury on the facts, and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.