(113 So. 53)

## GEORGE'S RESTAURANT v. DUKES.
### (6 Div. 865.)

Supreme Court of Alabama. May 19, 1927.

1. Food &⇒25—Complaint alleging restaurant served spoiled fish, consumed by customer made sick, held to show causal connection between negligence and injury.

Complaint alleging that defendant operated a restaurant where plaintiff purchased fish sandwiches, that defendant, or his employee acting within scope of employment, negligently sold and served fish that was tainted, decayed, and infected with maggots, and that plaintiff, before discovering condition of fish ate part thereof and as a proximate result was made violently sick, to his damage, sufficiently showed causal connection between negligence and injury.

2. Food &⇒25—Where restaurant sued for serving spoiled fish pleaded general issue, customer had burden of showing sale and injury.

In action for damages by customer against restaurant for serving him a spoiled fish, plea of general issue put in issue fact of the sale of spoiled fish and question of negligence, and cast upon the customer the burden of showing the sale of the spoiled fish and resultant injury.

3. Food &⇒25—Where restaurant, sued for selling spoiled fish, pleaded general issue, evidence of restaurant's care was admissible.

In action by customer against restaurant for damages for serving fish that was tainted, decayed, and infected with maggots, where restaurant pleaded the general issue, evidence to show restaurant exercised due care was admissible, including evidence of care respecting selecting, inspecting, cooking, screening, and keeping of fish.

4. Appeal and error &⇒1040(7)—In action against restaurant selling spoiled fish, sustaining demurrer to plea setting up due care held not injurious, where evidence of care was admitted under general issue.

In action by customer against restaurant for damages for serving fish that was tainted, decayed, and infected with maggots, sustaining demurrer to restaurant's special plea setting up due care, including care in selecting, inspecting, cooking, screening, and keeping the fish, *held* not error, where evidence thereof was properly admitted under plea of general issue.

5. New trial &⇒142—On motion for new trial, evidence of jurors is admissible to sustain verdict, including evidence that verdict was not quotient verdict.

On motion for new trial, jurors may give testimony for the purpose of sustaining the verdict, including testimony that memoranda indicating that verdict was quotient verdict was for purpose of further deliberations, that there was no agreement to abide by the result that such if suggested was abandoned, or other facts to show that verdict was expression of juror's fair judgment.

6. New trial &⇒143(1)—Jurors may not impeach verdict by disclosing deliberations.

Where the object is to impeach the verdict, jurors may not testify concerning their deliberations.

7. New trial &⇒140(3)—Trial &⇒315—Where jury room contained 12 slips of paper, each marked with sum, and another piece adding these, and total divided by 12 approximately gave verdict, verdict held presumptively quotient verdict and invalid.

Where almost immediately after jury left juryroom where they deliberated there were picked up from the floor 12 slips of paper, each with a sum written thereon in some multiple of $5 from $10 to $1,000, and another piece of paper in which these sums were arranged in columns, with the correct footing thereon, and division of this footing by 12 gave a quotient nearer to the verdict than to any other multi-

ple of $5 verdict *held* presumptively a quotient verdict and invalid.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action for damages by P. M. Dukes against George's Restaurant. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Altman, Taylor & Koenig, of Birmingham, for appellant.

If any injury has resulted in consequence of a certain wrongful act or omission, but only through or by means of some intervening cause, from which last cause the injury followed as a direct and immediate consequence, the law will refer the damage to the last or proximate cause and refuse to trace it to that which was more remote. Cooley on Torts, 12; King v. Henkie, 80 Ala. 505, 60 Am. Rep. 119. The restaurant proprietor is not liable for injury suffered by a patron on account of eating food sold for human consumption which contained foreign matter, where such matter could not be discovered by said proprietor or his servants by the exercise of the highest degree of skill and diligence. West. Ry. v. Walker, 113 Ala. 267, 22 So. 182. A quotient verdict should be set aside on motion. Southern R. Co. v. Williams, 113 Ala. 620, 21 So. 328; Int. Agri. Corp. v. Abercrombie, 184 Ala. 244, 63 So. 549, 49 L. R. A. (N. S.) 415.

Black & Fort and Fort, Burton & Jones, all of Birmingham, for appellee.

The keeper of a restaurant must use due care to see that the food served to his customers is fit for human consumption. Travis v. L. & N., 183 Ala. 415, 62 So. 851; Pantaze v. West, 7 Ala. App. 599, 61 So. 42; Doyle v. Fuerst & Kraemer, 129 La. 838, 56 So. 906, 40 L. R. A. (N. S.) 480, Ann. Cas. 1913B, 1100. To render a verdict objectionable and subject to vacation on the ground that it was a quotient verdict, the assailant thereof must show that the jurors in advance agreed to be bound by a particular mode adopted in arriving at the verdict. B. R. L. & P. Co. v. Moore, 148 Ala. 115, 42 So. 1024; B. R. L. & P. Co. v. Clemons, 142 Ala. 160, 37 So. 925; Bank v. Elmore Fert Co., 16 Ala. App. 465, 78 So. 648; Henderson Co. v. Brown, 16 Ala. App. 453, 78 So. 716; Western Union v. Morrison, 15 Ala. App. 532, 74 So. 88; Eufaula v. Speight, 121 Ala. 613, 25 So. 1009.

BOULDIN, J. [1] Count 1 of the complaint charges, in substance, that the defendant operated a restaurant where plaintiff purchased some fish sandwiches; that defendant, or his employee while acting within the scope of employment, negligently sold and served fish that was tainted, decayed, and infected with maggots; that plaintiff, before discovering its decayed or infected condition, did eat a part of such fish, and as a proximate result was made violently sick, etc., to his damage.

This count sufficiently shows the causal connection of the negligence charged and plaintiff's injury. The plaintiff ate the fish sold to him for food, not knowing its decayed condition, and the injury resulted from taking it into his system, does not show an intervening efficient cause of the injury, but merely an event within the contemplation of the parties by which the negligence of defendant became effective to his injury. This seems too obvious for citation of authority.

[2, 3] The plea of the general issue put in issue the fact of selling plaintiff spoiled fish, and cast upon him the burden of proof as to such fact and the resultant injury.

Such plea also put in issue the question of negligence vel non as charged, and invited all evidence tending to show the exercise of that degree of care required in such cases as defined in Travis v. L. & N. R. R. Co., 183 Ala. 415, 62 So. 851; Id., 192 Ala. 453, 68 So. 342.

[4] All the evidence of care in selecting, inspecting, cooking, screening, and keeping the fish for sale to the consuming public was freely and properly admitted under that plea. Hence no injury resulted in sustaining demurrer to special plea L setting up these matters.

[5] In support of the ground of the motion for a new trial challenging the verdict as a "quotient verdict," the affidavit of defendant's counsel, and exhibits to the affidavit, disclose that, almost immediately after the jury had left the jury room where they had deliberated, there was picked up from the floor 12 pieces of paper, each with a number written thereon, ranging from $10 to $1,000, and another piece of paper on which the same numbers were arranged in columns with the correct footing thereon of $3,285. The verdict was for $275.

In Southern Railway Co. v. Williams, 113 Ala. 620, 21 So. 328, the rule was declared that, where it reasonably appears data of this kind was the work of the jury, and the verdict corresponds with the quotient so obtained, a reasonable presumption arises that the verdict is a gambling or quotient verdict. The reasons for condemning a verdict so obtained was fully discussed in that case and in International Agr. Corp. v. Abercrombie, 184 Ala. 244, 63 So. 549, 49 L. R. A. (N. S.) 415. The rule of the Williams Case has not been overruled, but expressly or impliedly followed in other cases. New Morgan County Bldg. & Loan Association v. Plemmons, 210 Ala. 286, 98 So. 12; Ala. City, G. & A. Ry. Co. v. Lee, 200 Ala. 550, 76 So. 908; B'ham R. L. & P. Co. v. Clemons, 142 Ala. 160, 37 So. 925; Birmingham Ry., L. & P. Co. v. Moore, 148 Ala. 115, 42 So. 1024.

Evidence of jurors on a motion for a new trial is admissible to sustain their verdict. It may be shown the memoranda, if made by

the jury, was a mere tentative expression of the jurors' views for the purpose of further deliberations; that no prior agreement, express or implied, to abide the result, was entered into; that such suggestion, if made, was abandoned, or other facts to show the verdict was the expression of the fair judgment of the several jurors. Caledonian Ins. Co. v. Jones, 214 Ala. 520, 108 So. 331, 332; Western Union Tel. Co. v. Hill, 163 Ala. 18, 37, 50 So. 248, 23 L. R. A. (N. S.) 648, 19 Ann. Cas. 1058.

[6] On the other hand, for reasons of policy, the jurors may not be called to impeach their verdict by disclosing their deliberations. Birmingham R., L. & P. Co. v. Moore, supra.

[7] Courts have much regard for the verdicts of juries, and are indisposed to presumptions tending to overturn them. But, in view of the case with which the winning party may produce explanatory evidence in cases of this kind, and the inability of the losing party to obtain other than circumstantial evidence, we think the rule in the Williams Case convenient of application and conservative of justice.

In this case no evidence from jurors or other source was offered to question the connection of these papers with the verdict, or to otherwise explain their implication. The division and resulting quotient does not appear on the papers found. The exact quotient of $3,285, divided by 12, would be $273.75. Each of the numbers entering into the footing ends with 0 or 5; the amount fixed by each juror being a multiple of $5. The verdict for $275 was the nearest number representing the figures in the minds of those writing numbers on the slips of paper. In such case the variance does not relieve the verdict of presumption against it. Southern Rwy. Co. v. Williams, supra.

The court erred in refusing the motion for a new trial.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.