CLAIRE ARONOWITZ, Plaintiff, v. F. W. WOOLWORTH COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, May 22, 1929.

Rubin Brodsky, for the plaintiff.

Breed, Abbott & Morgan [Hugh S. Williamson of counsel], for the defendant.

LEWIS, J.   Aside from the question as to whether or not it was established by a fair preponderance of evidence that the illness complained of was due to the tuna fish, the defendant stands upon the contention referred to by the Court of Appeals in *Rinaldi* v. *Mohican Co.* (225 N. Y. 70), where, referring to the implied warranty in the case of a sale by a retail dealer of a food ordinarily used for human consumption, the court took pains to state: "We here limit the rule.   We do not pass upon the question as to whether it applies to a sale in the original package bought by the vendor from others."

It is undisputed that the food purchased by this plaintiff from the defendant was sold in the original can in which the same was bought by the vendor from others.   There was no express warranty and, unless the defendant can be held to an implied warranty, the plaintiff cannot prevail.   To constitute an implied warranty of fitness, it is essential that the buyer expressly or by implication acquaint the seller with the purpose of the purchase and that it further appear that the buyer relies on the seller's skill or judgment.   Ordinarily such a purchase of food permits the buyer to assume that the seller has an opportunity to examine the article sold and unexplained will constitute conclusive evidence of reliance on the seller's skill or judgment.   But where the food is sold in the original can, on what theory can the purchaser assume that the seller had an opportunity to examine the contents of the can?   To be sure, the seller has an opportunity to examine the exterior, and to purchase from a reputable manufacturer, but the court knows of no process whereby the seller can examine the contents of a particular can without opening it.   A purchaser is undoubtedly fully aware of this fact, so that in such instance the mere purchase standing by itself does not conclusively establish reliance by the purchaser upon the supposed skill or judgment of the seller as to the contents of the sealed and unopened can.

Mindful of the reservation made by the court in *Rinaldi* v. *Mohican Co.* (*supra*), the logic of *Julian* v. *Laubenberger* (16 Misc. 646) still seems to prevail.

Hence, upon the law as well as upon all the facts, the defendant is entitled to judgment against the plaintiff.