(130 So. 199)

## MOBILE & O. R. CO. v. WATSON.
### 6 Div. 634.

Supreme Court of Alabama.

Oct. 9, 1930.

Foster, Rice & Foster, of Tuscaloosa, for appellant.

W. A. Denson, of Birmingham, for appellee.

FOSTER, J.

■ It has been often repeated by this court that, in a complaint for personal injuries, it is not necessary to describe in detail all the characteristics and consequences of the injuries with extreme particularity. Mobile L. & R. Co. v. Therrell, 205 Ala. 553, 88 So. 677; Atlantic C. L. R. Co. v. Watson, 215 Ala. 254, 110 So. 316; City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389.

■■ The allegations of the complaint as to lost time are not unlike such allegations usually made under those circumstances, Gray v. Cooper, 216 Ala. 684, 114 So. 139, and lost time is recoverable in this nature of action. Southern Ry. Co. v. Peters, 194 Ala. 94, 69 So. 611. Tested by the rule of those cases, we conclude that the complaint is not subject to demurrer on account of insufficiency in those respects.

■ We are also committed to the rule that when the court sustains a general objection to a question, the ruling will be affirmed on appeal, if the question was subject to any ground which could have been properly assigned. Feore v. Trammel, 213 Ala. 293, 104 So. 808; Louisville & N. R. R. Co. v. Fleming, 194 Ala. 51, 69 So. 125, 129.

■ The ruling of the court on the objection to the question to Dr. Moody, "if Tom wasn't faking his injuries," may be sustained upon the ground that it was a leading question propounded by defendant to his own witness, if the question was otherwise free from objection, or if the exclusion of a favorable answer were conducive to prejudicial effect.

■ The rule has long prevailed in Alabama that, when there are shown figures used by a jury in its deliberations from which a fair inference may be drawn that the verdict was a quotient, the court will so hold, and that it was the result of a previous agreement unless the contrary is shown. Southern Ry. Co. v. Williams, 113 Ala. 620, 21 So. 328; Birmingham R., L. & P. Co. v. Clemons, 142 Ala. 160, 37 So. 925; George's Restaurant v. Dukes, 216 Ala. 239, 113 So. 53; Alabama City, G. & A. Ry. Co. v. Lee, 200 Ala. 550, 76 So. 908; International Agr. Corp. v. Abercrombie, 184 Ala. 244, 63 So. 549, 49 L. R. A. (N. S.) 415.

■ Also that evidence of jurors' is admissible to sustain their verdict, George's Restaurant v. Dukes, supra; New Morgan County B. & L. Ass'n v. Plemmons, 210 Ala. 286, 98 So. 12; Birmingham, R. L. & P. Co. v. Clemons, supra (and many others), but jurors cannot testify to facts which tend to impeach it. Birmingham, R. L. & P. Co. v. Moore, 148 Ala. 115, 42 So. 1024; George's Restaurant v. Dukes, supra; Finney v. Newson, 203 Ala. 191, 82 So. 441; Continental Casualty Co. v. Ogburn, 186 Ala. 398, 64 So. 619 (and many others).

On the motion for a new trial defendant offered evidence to show that the jury made a calculation setting down twelve figures, adding them, dividing the result by twelve, and that the sum so ascertained was the amount of the verdict. Plaintiff introduced the affidavits of seven jurors, but, upon some question being raised as whether they were duly sworn to, he called to the stand one of them, and he verified the statements in the affidavit. When defendant undertook to cross-

examine him, he was withdrawn by plaintiff over defendant's objection and exception. Thereupon plaintiff had this juror, Dillard Ingram, and another, K. M. Evans, to reverify their affidavits, and they were again introduced in evidence—all the other affidavits on motion of plaintiff were excluded. After the re-executed affidavits of Ingram and Evans were introduced, the following proceeding occurred:

"On cross-examination, the witness Dillard Ingram, testified as follows:

" 'I stated in my direct examination that this was my signature to this paper and that the facts stated therein were true. I did not prepare this paper; I was not interviewed previous to its being typewritten and prepared, and it was prepared in its present form the first time I saw it, and the language on this paper is not my language at all.'

"Thereupon counsel for the defendant asked the witness the following question:

" 'Q. Now, the next statement contained in this paper is,' the discussion then turned upon the amount and it was found that the individual members of the jury differed in their opinions as to what the plaintiff ought to have 'now, then tell the court just what was then said and done?'

"To which question, the plaintiff objected, and the court sustained the objection, and to this ruling of the court, the defendant, then and there, in open court, duly and legally excepted.

"Mr. Foster (counsel for defendant) then stated: " 'We have a right to cross examine the witness on his testimony given as a witness, whether or not they have the right to withdraw him. We expect to show by this witness on the question that he would state in his own language that some member of the jury then suggested that the members of the jury put down on separate pieces of paper the amount of damages that he thought should be awarded, and that they add that up and divide it by twelve, and that being the verdict of the jury, and that the jury without further discussion on that proceeded to compile it and added them and divided them by twelve which gave $3,666.66, and then after some discussion a verdict was returned into court for that specific amount.'

"To this offer to show the plaintiff objected, and the court sustained the objection on the ground it sought to impeach the verdict. The defendant then and there, in open court, duly and legally excepted to the ruling of the court.

"Counsel for the defendant then asked the witness the following question:

" 'Q. Mr. Ingram, did some member of the jury suggest that each man put down this amount he thought should be awarded and that they all add it up and divide it by twelve?'

"To which question the plaintiff objected, and the court sustained the objection on the ground it goes to the impeachment of the verdict, and to this ruling of the court, the defendant, then and there, in open court duly and legally excepted.

"Thereupon the defendant offered to show that was done.

"Counsel for the defendant then asked the witness the following question:

" 'Q. And did the jury thereupon, upon such suggestion being made proceed at once, each member putting down the amount that he thought should be awarded and that these amounts were added up and divided by twelve?'

"To which question, the plaintiff objected, and the court sustained the objection, and to this ruling of the court, the defendant, then and there, in open court, duly and legally excepted.

"Thereupon the defendant offered to show that was done.

"To which offer to show the plaintiff objected, the court sustained the objection, and to which ruling the defendant, then and there, duly and legally excepted.

"Counsel for defendant then asked the witness the following question:

" 'Q. And when that quotient was determined did the jury return these specific figures into court as the verdict of the jury?'

"To which question the plaintiff objected; the court sustained the objection, and to this ruling of the court, the defendant then and there, duly and legally excepted.

"The defendant thereupon offered to show that the jury after the quotient of $3,666.66 was determined upon that the jury returned this amount into court as the verdict of the jury in this case and stated that these questions were asked the witness for the purpose of showing the incorrectness of the statements contained in the affidavits of this witness which was introduced by plaintiff. The plaintiff objected to this offer to show, and the court sustained the objection, and to this ruling of the court, the defendant, then and there, in open court, duly and legally excepted."

The court had offered to allow a cross-examination on anything in reference to *signing* the *affidavit*. . Defendant then called to the witness stand Evans, whose affidavit plaintiff had introduced in evidence and propounded questions to him of the same general nature as those propounded to Ingram, and offered to prove by him the facts indicated by the questions. The court sustained objections by plaintiff to such proof on the ground that it sought to impeach the verdict. The defendant excepted to all such rulings and assigns them as error.

We wish here to emphasize the fact that we do not intend to reflect upon the rules

588

which we restated with respect to the propriety of examining jurors as witnesses to impeach their verdict. Undoubtedly defendant could not have offered such evidence of the witnesses Ingram and Evans for that purpose. But when Ingram and Evans testified in their affidavits for plaintiff that there was no agreement that the quotient should be the amount of the verdict, defendant contends that he should have the privilege of permitting the witness to testify to what was said and done respecting the figures made in the jury room, to test their interpretation of them as not constituting an agreement to that effect. Not that such nature of cross-examination showing what took place is proper to consider as an impeachment of the verdict, but rather as an impeachment of the affidavits of the witnesses, and going to the credibility and effect of such affidavits as evidence of the matters therein contained. This contention appeals to us as sound. "The right of cross-examination thorough and sifting, belongs to every party as to the witnesses called against him." Section 7731, Code. On this subject the rule is thus stated: "While the facts elicited by the question propounded to the witness Major, on cross-examination by defendant, may not have been admissible as independent evidence, we think the question was proper in explanation or rebuttal of the witness' statement on his direct examination." Middleton v. Western Union Tel. Co., 197 Ala. 243, 72 So. 548, 550.

It is well known that, when a defendant in a criminal case offers himself as a witness, he is subject to cross-examination and impeachment as other witnesses. Kelly v. State, 160 Ala. 48, 49 So. 535; Carpenter v. State, 193 Ala. 51, 69 So. 531.

Cross-examination as to matters concerning which he testifies is an accepted method of testing the credibility or reliability of a witness. 40 Cyc. 2564.

Our judgment is that the proposed cross-examination of the two jurors whose affidavits had been introduced by plaintiff was proper to test the accuracy and credibility of their affidavits as evidence.

The objection to the statements in the affidavits that there was no agreement between the individual jurors before setting down the figures and dividing them by twelve, and that no member of the jury was pledged to give any amount more than he had already expressed, because they are statements of a mental conclusion, was, in our judgment, properly overruled. They recite as a fact, not as a conclusion, the absence of an agreement or pledge. But in view of such statements, the cross-examination pertaining to that testimony might have impeached its value in that respect.

We do not find reversible error occurring on the trial prior to the verdict, but do find error in refusing to permit the cross-examination of the witnesses Ingram and Evans touching the contents of their respective affidavits submitted on the motion for new trial on the ground that the amount of the verdict was improperly ascertained by the jury as we have discussed. Such ruling only affects that aspect of the case which relates to the motion for new trial based upon an independent issue of fact triable and tried by the judge. By authority of section 6088 and 6433, Code, on a proper appeal with bill of exceptions, it is the duty of this court to "correct any error of the circuit court * * * in granting or refusing" a new trial.

But as this ruling does not render erroneous the judgment on the issues made by the pleadings, it does not follow that such judgment should be now disturbed. The final disposition of the motion will of course control the standing of that judgment. Felton v. Spiro (C. C. A.) 78 F. 576; Goldfield Mohawk Min. Co. v. Frances-Mohawk Min. Co., 33 Nev. 491, 112 P. 42.

It is therefore ordered that the ruling of the circuit court on the motion for a new trial be reversed and the cause remanded for another trial of that motion to be heard within thirty days from the date of this judgment, unless otherwise ordered by that court, as provided by section 6670, Code. The cost of this appeal is taxed against appellee; taxation of the cost of the circuit court which accrued prior to appeal shall await the final result of the motion for new trial.

Reversed as to the action of the court on motion for new trial, and remanded to the circuit court for further trial of the motion.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.