(37 So. 419)

## C. C. HOOPER CAFÉ CO. v. HENDERSON.

### 6 Div. 759.

Oct. 29, 1931.

Rehearing Denied Nov. 19, 1931.

B. F. Smith, of Birmingham, for appellant.

Altman & Koenig, of Birmingham, for appellee.

**BOULDIN, J.**

The action is to recover damages for personal injuries for alleged negligence of the proprietors of a public café, or their employees, acting within the line and scope of employment, in serving to a customer food unfit for human consumption, from which plaintiff was made sick.

The first insistence of appellant is that a case of negligence was not made out; that defendant was due the affirmative charge.

In some jurisdictions it is declared that in serving food at a public eating house there is an implied warranty that it is fit for the uses for which it is prepared and sold. This is but the adoption of the general rule in the sale of articles for definite uses. In other jurisdictions the doctrine of implied warranty is not applied. 26 C. J. p. 786, § 95.

■■ In this state a limited warranty is recognized, viz.: That the food served is of the class generally accepted as fit for human consumption, and that in the selection and preparation of same the keeper has exercised the degree of care enjoined by law.

This degree of care is defined in the following carefully chosen words: "The law requires that, in the selection of the food for his restaurant and in cooking it for his customers, he shall exercise that same degree of care which a reasonably prudent man, skilled

in the art of selecting and preparing food for human consumption, would be expected to exercise in the selection and preparation of food for his own private table." Travis v. L. & N. R. Co., 183 Ala. 415, 424, 62 So. 851, 854; Id., 192 Ala. 453, 68 So. 342.

Negligence in actions of tort is the failure to observe this degree of care. Travis v. L. & N. R. Co., supra.

This case was approved and followed in Greenwood Café v. Lovinggood, 197 Ala. 34, 72 So. 354, and George's Restaurant v. Dukes, 216 Ala. 239, 113 So. 53.

■■ In Sheffer v. Willoughby, 163 Ill. 518, 45 N. E. 253, 34 L. R. A. 464, 54 Am. St. Rep. 483, cited as authority in the Travis Case above, proof that plaintiff ate the food and in consequence became sick was held not to make out a prima facie case of negligence, nor shift the burden to defendant.

In view of the many things, other than unfitness of the food, such as time, place, quantity, state of health, feelings, physical or mental, personal idiosyncrasy or intolerance to particular foods, etc., which may cause sickness in consequence of the eating, we are not disposed to question the rule so stated. Negligence, or breach of duty, is not to be presumed.

■ The fact that sickness followed and circumstances tending to show it was the result of taking the food supplied are elements of the case proper to be proven. Greenwood Café v. Lovinggood, supra.

In the case before us, evidence for plaintiff tended to show she was served an order including fish, fried red snapper; that she ate a portion; that ill effects were felt promptly, and developed into a sickness having the symptoms of ptomaine poisoning, and so diagnosed by the attending physician who testifies as a professional witness. Her testimony is to the further effect that the fish did not taste right, and, after taking some three bites, she desisted eating, and discovered the fish had an unpleasant odor. Some discoloration is also indicated in her testimony. Other evidence negatived any idiosyncrasy as to fish.

There is evidence that spoiled fish may be readily detected by the senses of sight, touch, and smell. Fish, it appears, degenerates quickly, especially when taken out of refrigeration. Spoiled fish, it further appears, is the more hazardous as food because of the danger of ptomaine poison therefrom.

■ Reasonable care in the preservation and preparation of fish as a food takes into account all these factors.

■ Suffice to say the evidence made a case for the jury on the issue of negligence and injury as a proximate consequence.

Defendant's evidence tended to show due care in the procurement, preservation, and preparation of fish served as food. With much detail the method of handling red snapper fish from the time they are taken in the waters of the Gulf to the time they are served in the café was gone into.

Beginning, for present purposes, with the purchase of the day's supply in question from a responsible dealer after inspection by the health authorities, and their further inspection when received by defendant, it appears the fish were kept in an ice box packed in ice, until called for in the kitchen. Plaintiff, in the course of cross-examination, raised the question of the fitness of this ice box as compared with a "modern" mechanical refrigeration plant. It appeared this metal lined ice box had been in use for more than five years.

Defendant's refused charge (h) reads: "The Court charges the jury that it is not negligence as a matter of law for the operator of a restaurant to use a refrigerator or ice-box for a period of more than five years, if said refrigerator or ice-box is reasonably safe and suitable for the purpose for which it is used."

This charge was correct.

The court, however, gave charge (j) as follows: "The Court charges the jury that reasonable care in the conduct of his business imposed by law on the operator of a restaurant, does not require that he purchase and install the latest model of machinery and equipment, his duty in that respect being performed by the installment and use of equipment reasonably safe for the conduct of his business."

This and other similar given charges covered the principle of charge (h), and it was refused without error.

But refused charge (k) goes further. It reads: "The Court charges the jury that it was not negligence on the part of the defendant, that he failed to purchase and install in the operation of his business a mechanical refrigeration plant."

This is in effect an affirmative instruction. If correct, it would eliminate the use of the ice box as an issue on the question of negligence vel non.

We find no evidence that the ice box was not suitable and safe for the keeping of fish for daily use in the restaurant. To the contrary, without conflict, it is shown to be the method generally used and approved by the health authorities of the city; that fish packed in ice in this way will keep for days; that shipments are made in barrels packed with ice, etc.

Defendant was entitled to have the suitableness of the ice box and of the necessity to install a mechanical refrigerator eliminated as an issue before the jury. Refusal of charge (k) was error.

Defendant's charges 8, 9, and 3 were properly refused. That plaintiff's illness "could" have resulted from other causes than fish poisoning was not the issue. "Could" in such connection may import a mere possibility.

Did the evidence reasonably satisfy the jury that the sickness in fact resulted from fish poisoning? was the inquiry on this point.

The offer of defendant to show by the witness Little his observations with reference to food at this place on prior occasions was refused without error. Greenwood Café v. Lovinggood, supra.

The plaintiff was entitled to call out evidence touching the personnel of employees having to do with keeping and cooking of fish, the character of their labor or service. In this connection, if it appeared negroes were employed in positions requiring vigilance and care for the safety of customers, this was subject to comment by counsel in argument.

But we do not approve the argument of counsel made the basis of ground 69 of the motion for a new trial. Although challenged by opposing counsel to point out wherein there was negligence, this did not warrant going out of the record to refer to unemployed white people; to refer to white girls wanting to work as waiters; and to say they were being employed all over the country. The criticism directed at defendant in this way is of the class often condemned, and needs no further comment.

The objection to the argument was sustained, and defendant made no motion to have it withdrawn, nor to have the jury properly admonished and instructed by the court. A party who invokes no further action by the court, thereby indicating his satisfaction, cannot complain of the court's failure to do what he was not asked to do. Whether this case is within the exception to the above rule, namely, a case calling for a new trial on the ground of ineradicable injury, the necessities of the case do not require us to decide. We have thus written by way of caution to attorneys in the conduct of causes.

Several rulings presented by appellant may not recur on another trial. Some are obviously without merit. None seem to involve other than well-defined rules of law, and the opinion need not be further extended.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.