171 So. 735

### KIRKLAND v. GREAT ATLANTIC & PACIFIC TEA CO.

#### 4 Div. 898.

Supreme Court of Alabama.

Dec. 17, 1936.

Rehearing Denied Jan. 21, 1937.

H. R. McClintock, of Dothan, for appellant.

O. S. Lewis, of Dothan, and J. L. Drennen, of Birmingham, for appellee.

BOULDIN, Justice.

The action is in tort for personal injuries. The complaint, to which demurrers were sustained, charged that defendant was a retail grocery, selling foodstuffs, including flour; that the agent or servant of defendant, acting in the line and scope of employment, negligently sold to plaintiff a sack of flour containing calcium arsenate, a poison; that plaintiff ate biscuits prepared from this flour, was poisoned and made sick.

Under the liberal rule of pleading long established with us, if a complaint in tort discloses a duty of care in the matter complained of, a general averment of negligence is sufficient.

So the inquiry here is, Does the complaint, construed most strongly against the pleader, when challenged by apt demurrer, disclose a duty of care that the sack of flour sold plaintiff should be free from calcium arsenate, or other poison?

The complaint does not charge that defendant manufactured or sacked this flour; nor that the poison found its way into the flour while in defendant's possession; nor that anything on the sack, nor the source from which it came, gave notice to the retailer, or put him on inquiry touching its fitness for human consumption. For aught appearing, this was an ordinary sack of flour, put up by reliable millers, to be sold by the retailer intact, for the convenience of both merchant and customer.

This court has considered numerous cases touching the duty of care required of manufacturers of food products put up in packages or bottles to be sold intact, and their liability to the ultimate consumer for negligence in putting such products on the market in a condition unfit for human consumption, or dangerous to health because of the presence of foreign matter. Reichert Milling Co. v. George, 230 Ala. 3, 162 So. 393; Try-Me Beverage Co. et al. v. Harris, 217 Ala. 302, 116 So. 147; Coca-Cola Bottling Co. v. Crook, 222 Ala. 369, 132 So. 898; Collins Baking Co. v. Savage, 227 Ala. 408, 150 So. 336; Birmingham Chero-Cola Bottling Co. v. Clark, 205 Ala. 678, 89 So. 64, 17 A.L.R. 667; Whistle Bottling Co. v. Searson, 207 Ala. 387, 92 So. 657; Jefferson Dairy Co. v. Williams, 215 Ala. 559, 112 So. 125.

Cases dealing with meats and other food products sold by dealers, or served by restaurants and other public eating places, include: Travis v. L. & N. R. R. Co., 183 Ala. 415, 62 So. 851; Greenwood Cafe v.

Lovinggood, 197 Ala. 34, 72 So. 354; George's Restaurant v. Dukes, 216 Ala. 239, 113 So. 53; C. C. Hooper Cafe Co. v. Henderson, 223 Ala. 579, 137 So. 419; McCarley v. Wood Drugs, Inc., 228 Ala. 226, 153 So. 446; 10 Alabama Digest, Food, p. 443 et seq., ⊛25.

None of these decisions have dealt with a case of a retail grocer selling canned goods, or packages in any form, put up by the manufacturer, advertised by brands and trade-names, and purchased by the consumer in the original package, who has the same knowledge as his grocer touching the contents.

Appellant would apply the same rule to the retailer which we have laid down for the manufacturer; or caterer of foods kept and prepared by himself.

Early cases in some jurisdictions proceeded on the idea of an unconditional warranty of the fitness of foods for human consumption, and, as a corollary, in actions of tort, held that the dealer sold foodstuffs at his peril, if they proved injurious to health.

██ Our cases above cited do not follow such severe rule. Broadly speaking, they require of the purveyor of foods that degree of care which a prudent man would exercise in the selection of foods for the consumption of himself and family. This rule, as of course, takes into account the dire consequences of putting on the market foodstuffs with any form of poisonous content. So we have steadfastly declared that foreign and deleterious matter found in foodstuffs put up for sale at retail in closed containers is evidence of negligence on the part of him who prepared and put on the market foods in such closed containers. The ultimate consumer can maintain an action of tort in such case for breach of duty to any and all persons so injured. Cases, supra.

Does the like rule apply to the retail dealer of such packages?

██ In Dothan Chero-Cola Bottling Co. et al. v. Weeks, 16 Ala.App. 639, 640, 80 So. 734, 735, speaking of bottled soft drinks, it was said: "Such retailer is not liable to the consumer of articles of the character here involved, if he purchases of a reputable manufacturer or dealer, and the goods so purchased and supplied by him are such as are without imperfections that may be discovered by the exercise of the reasonable care of a person skilled and experienced in dealing in and supplying goods to the general public. Bigelow v. Maine Central R. R. Co., 110 Me. 105, 85 A. 396, 43 L.R.A.(N.S.) 627; Winsor v. Lombard, 18 Pick.(Mass.) 57. 'As to hidden imperfections, the consumer must be deemed to have relied on the care of the packer or manufacturer or the warranty which is held to be implied by the latter.' 29 R.C.L. p. 1124, § 29."

This case has been disapproved on another point, but not as to the above statement. Birmingham Chero-Cola Bottling Co. v. Clark, supra. We deem this announcement in keeping with the better reason and the trend of modern authority on the subject. Kroger Grocery Co. v. Lewelling et al., 165 Miss. 71, 145 So. 726; Scruggins v. Jones et al., 207 Ky. 636, 269 S.W. 743; Julian v. Laubenberger, 16 Misc. 646, 38 N.Y.S. 1052; Aronowitz v. F. W. Woolworth Co., 134 Misc. 272, 236 N.Y.S. 133; Bigelow v. Maine C. R. Co., 110 Me. 105, 85 A. 396, 43 L.R.A.(N.S.) 627; Walters v. United Grocery Co., 51 Utah, 565, 172 P. 473, L.R.A.1918E, 519; Licari v. Markotos, 110 Misc. 334, 180 N.Y.S. 278; Barrington v. Hotel Astor, 184 App.Div. 317, 171 N.Y.S. 840; Tourte v. Horton Mfg. Co. et al., 108 Cal.App. 22, 290 P. 919; Pitman v. Lynn Gas & Electric Co., 241 Mass. 322, 135 N.E. 223; Heinemann v. Barfield, 136 Ark. 456, 207 S.W. 58; Note, 90 A.L.R. 1270.

There is much authority from courts of highest standing holding the retail dealer to an implied warranty that foods sold in closed containers are fit for human consumption just as if he had made the packages. Whether these courts would subject the retailer to an action of tort for negligence because of failure to perform an implied contractual duty in such case seems not very clear.

We are reminded that this court has limited the warranty in this regard to an undertaking that the dealer or caterer has exercised due care in the premises. Travis v. L. & N. R. R. Co., McCarley v. Wood Drugs, Inc., supra.

██ In this day the grocer's stock consists in much of canned goods, goods in bottles, cartons, sacks, packages of great variety, put up under pure food regulations, and sold at retail in the unopened package. In common reason the grocer could not inspect the contents of every sack of flour he handles. No one expects him to do so. To impose a legal duty so to do is too exacting. The legal

responsibility should rest where it belongs, on him who made the package and inclosed poisonous substances therein. In the absence of some averment disclosing that the poison found its way into the sack of flour here involved while under the control of the retailer, or some fact charging him with lack of care in selecting and selling that particular flour, the complaint was subject to demurrer.

Appellant has presented his cause without reference to the Uniform Sales Act now in force in Alabama. General Acts 1931, p. 570.

We have dealt with the case in like manner.

 Assuming, without deciding, that a breach of an implied warranty under section 15 of said act (page 574) will support an action of tort on the theory of a breach of duty growing out of contract, it would seem clear that the plaintiff must bring himself within one of the exceptions defined in section 15, since there is no implied warranty save as defined in these exceptions. Canavan v. City of Mechanicville, 190 App.Div. 252, 180 N.Y. S. 62, affirmed in 229 N.Y. 473, 128 N.E. 882, 13 A.L.R. 1123; Wasserstrom v. Cohen, Frank & Company, 165 App.Div. 171, 150 N.Y.S. 638, 640; Rinaldi v. Mohican Co., 225 N.Y. 70, 121 N.E. 471. See, also, McCarley v. Wood Drugs, Inc., supra; Sudduth v. Holloway, 212 Ala. 24, 101 So. 733.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.