186 So. 151

**LOUIS PIZITZ DRY GOODS CO. v. WALDROP.**

6 Div. 385.

Supreme Court of Alabama.

Jan. 12, 1939.

Rehearing Denied Feb. 9, 1939.

W. H. Sadler, Jr., of Birmingham, for appellant.

Smith, Windham, Jackson & Rives, of Birmingham, for appellee.

THOMAS, Justice.

The suit was for damages for personal injury alleged to have been received from the service to plaintiff and her partaking of food unfit for human consumption. The food was prepared by defendant and served to the patrons of its restaurant.

The evidence showed certain patrons of defendant's restaurant, at the same time and place, had the same article of food, viz., mayonnaise, with other and different items of food, and became ill on the same day in which that food was partaken. That is to say, the one article of food partaken of by all patrons so becoming ill from food poison was mayonnaise.

It is urged by appellant's counsel that plaintiff did not find fault with any ingredient of the mayonnaise except the eggs, and that "no one said the eggs were bad;" that there was inquiry made as to whether the article of food was made with yard or cold-storage eggs. There were conflicting inferences of evidence that presented a jury question. McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Reichert Milling Co. v. George, 230 Ala. 3, 162 So. 393.

The rule of our cases is that: "The law requires that, in the selection of the food for his restaurant and in cooking it for his customers, he shall exercise that same degree of care which a reasonably prudent man, skilled in the art of selecting and preparing food for human consumption, would be expected to exercise in the selection and preparation of food for his own private table." McCarley v. Wood Drugs, Inc., 228 Ala. 226, 153 So. 446; Travis v. Louisville & Nashville R. R. Co., 183 Ala. 415, 62 So. 851, 854; Louisville & N. R. Co. v. Travis, 192 Ala. 453, 68 So. 342; Hooper Cafe v. Henderson, 223 Ala. 579, 137 So. 419; George's Restaurant v. Dukes, 216 Ala. 239, 113 So. 53; Greenwood Cafe v. Lovinggood, 197 Ala. 34, 72 So. 354; Doyle v. Fuerst & Kraemer, 129 La. 838, 56 So. 906, 40 L.R.A.,N.S., 480, Ann.Cas.1913B, 1110.

In each of the above cited cases only one patron became ill immediately aft-

210

er the meal. Here, there were quite a number of patrons, served this article of food, who were taken with like symptoms and a like illness in close proximity to partaking of the same article of food—the mayonnaise. The seven patrons were from different walks of life, and on the same day became ill under similar conditions and similar circumstances, warranting the inference of the jury that the common item of food partaken of was unwholesome and deleterious to health, and raises the presumption of negligence. Davis v. Van Camp Packing Co., 189 Iowa 775, 176 N.W. 382, 17 A.L.R. 649; Reichert Milling Co. v. George, supra.

· In Hooper Cafe v. Henderson, supra, and Pantaze v. West, 7 Ala.App. 599, 61 So. 42, as well as in other cases cited above, there was evidence affording the inference that the fish, brains, oysters, fish sandwich and roast chicken, which were served, were of unpleasant odor, or there was evidence of such inference of unfitness for human consumption. ·

In Reichert Milling Co. v. George, 230 Ala. 3, 162 So. 393, and Western Steel Car & Foundry Co. v. Cunningham, 158 Ala. 369, 48 So. 109, it is declared that when on the facts proven the plaintiff has, without direct proof of negligence, made out a prima facie case, a jury question is presented. That is, that, 48 So. 112, " * * * "so far as the court can see, the jury, from their experience as men of the world, may be warranted in thinking that an accident of this particular kind commonly does not happen except in consequence of negligence, and that, therefore, there is a presumption of fact, in the absence of other explanation, or other evidence which the jury believe, that it happened in consequence of negligence.' And thus is brought out the fact clearly, 'so often overlooked, that it is the jury which makes the presumption in giving proper effect to the evidence, the jury which says res ipsa loquitur.' See 66 Cent. Law J. No. 20, p. 386; Bien v. Unger, 64 N.J.L. 596, 46 A. 593." Graham v. Badger, 164 Mass. 42, 47, 41 N.E. 61; Chamberlain v. Southern R. Co., 159 Ala. 171, 48 So. 703; Wright v. J. A. Richards & Co., 214 Ala. 678, 108 So. 610; Cooper v. Agee, 222 Ala. 334, 132 So. 173.

We find no error in the court's declining to give the affirmative charge requested by defendant. McMillan v. Aiken, supra.

We find no reversible error in the several objections to questions to witnesses as to the several classes of eggs, since the eggs used in making the mayonnaise were not designated as being of the one or other character or class. It was competent to give evidence to the jury as it affected the quality of the product when compounded by an expert.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.