John W. Day suffered extensive and severe personal injuries when he was struck by a train while performing his duties as an employee of CSX Transportation, Inc. ("CSX"). Day sued CSX, seeking damages under the Federal Employers' Liability Act,45 U.S.C. § 51 et seq. ("FELA"). The case was eventually tried to a jury, which returned an $800,000 verdict for Day. The trial court entered a judgment on that verdict and later denied CSX's motion for a new trial. CSX appealed. We affirm.
Three issues have been presented for our review:
 1) Whether CSX is entitled to a new trial on the ground that Day was allowed to elicit testimony concerning settlement negotiations that took place between Day and CSX prior to trial;
 2) Whether CSX is entitled to a new trial on the ground that Day was allowed to elicit testimony concerning, and to make a comment during closing argument with respect to, Day's eligibility for a pension; and,
 3) Whether CSX is entitled to a new trial or, in the alternative, a remittitur of damages on the ground that the verdict is excessive as a matter of law.
The following colloquy between Day's attorney and Larry McClendon, the CSX agent assigned to handle Day's claim, is conclusive with respect to the first issue:
 "Q. And at this time, you were negotiating with him trying to get him to settle, weren't you?
 "A. I only had one meeting with him as far as any kind of settlement goes, as far as negotiations.
 "Q. And you offered him a sum of money to settle without a job with the company, right?
"A. Yes, sir.
 "Q. How much did you offer him to settle without a job with the company?
 "[CSX's attorney]: We object to that, then, judge. We're going to get into a lot of other things.
"The court: Well, if you object, I sustain."
As this part of the record shows, CSX did not object when McClendon testified that he had made a settlement offer to Day. Although CSX contends that the admission of this testimony constituted reversible error, it is familiar law that an adverse ruling below is a prerequisite to appellate review. We generally cannot consider arguments made for the first time on appeal. Matthews Brothers Construction Co. v. Lopez,434 So.2d 1369 (Ala. 1983); see, also, cases *Page 885 
collected at 2 Ala. Digest, Appeal Error, § 169 (1955). CSX did object when McClendon was asked to reveal the amount of CSX's offer, and the trial court sustained that objection before McClendon could respond to the question. Accordingly, we can find no basis in the first issue for reversing the judgment.
With regard to the second issue, the record shows that Day was allowed to testify as follows concerning his eligibility for a pension:
"Q. And do you get a pension?
"A. No, sir."
The record also shows that Day's attorney made the following comment during his closing argument to the jury:
 "The railroad was not negligent, and it was a situation created by Johnny Day. Now, that's what [CSX's attorney] says. And that makes just about as much sense as to what he says about the damages up here. If he had some — see, the reason he didn't bring an economist up here to speak to these exact figures and to talk about age 65 and life expectancy, and to talk about $466 a month now for medical insurance that was free before — losing 11.2 percent of your wages that was going to be put into a pension fund — he doesn't get a pension. He hasn't worked long enough to get a pension. But they —
 "[CSX's attorney]: Judge, I'm going to object to that. We didn't go into that.
"The court: I sustain."
CSX contends that Day's references to his eligibility for a pension were highly prejudicial because, according to an affidavit introduced in support of CSX's new trial motion, Day will become eligible to receive a pension upon reaching age 60. CSX argues that Day's testimony and his attorney's comments during closing argument distorted the jury's perception of Day's damages by creating the impression that Day would never be eligible to receive a pension. Day contends that this issue, like the first one, was not preserved for appellate review. In the alternative, Day argues that his testimony was truthful because he was not receiving a pension at the time of the trial, and that his testimony was relevant with respect to the issue of his present financial condition.
The record shows that CSX did not object to Day's testimony regarding the pension. Therefore, we cannot consider whether the admission of this testimony constituted error. The record does show that CSX objected to the closing argument made by Day's attorney ("He hasn't worked long enough to get a pension") and that that objection was sustained by the trial court. However, although CSX suggests that the trial court erred in not giving a curative instruction to the jury, the record shows that CSX did not request such an instruction. A party who invokes no further action by the trial court after his objection to closing argument has been sustained, thereby indicating his satisfaction with the trial court's ruling, cannot later complain of the trial court's failure to do what it was not asked to do. See Sovereign Camp W.O.W. v. Gunn,224 Ala. 444, 140 So. 410 (1932); C.C. Hooper Cafe Co. v.Henderson, 223 Ala. 579, 137 So. 419 (1931). Furthermore, even if the reference to a pension by Day's attorney was improper, an issue that we do not decide, the comment was not, in our view, so grossly improper and highly prejudicial as to be beyond corrective action by the trial court. Thus, this case does not fall within the rule stated in Hill v. Sherwood,488 So.2d 1357 (Ala. 1986). The second issue presents no basis for reversing the judgment.
CSX's third and final issue is whether the verdict is supported by the evidence. Specifically, CSX maintains that the verdict is excessive and that we should remand this case for a hearing and an order consistent with our holding in Hammond v.City of Gadsden, 493 So.2d 1374 (Ala. 1986).
Initially, we note that we have narrowed the scope of our holding in Hammond so that it does not apply to an award exclusively for compensatory damages, where the award is clearly supported by the record. See Dependable Insurance Co.v. Kirkpatrick, 514 So.2d 804 (Ala. 1987); State v. McCurdyConcrete, Inc., 507 So.2d 403 (Ala. 1986). We also note that punitive damages are not recoverable *Page 886 
in FELA cases, Burlington Northern R.R. v. Warren,574 So.2d 758 (Ala. 1990), and that the jury in the present case was instructed that it could award only compensatory damages. After carefully reviewing the record, we conclude that the jury's verdict is clearly supported by the record; therefore, aHammond remand is not necessary. Day presented expert testimony tending to show that he suffered an economic loss of $488,537, including a loss of past and future income totaling $340,813. It is also clear from the record that Day suffered extensive, severe personal injuries as a result of his accident, including some permanent physical disfigurement. Day has undergone numerous medical procedures, and the evidence indicates that he will have chronic pain for the rest of his life. The jury apparently awarded Day a substantial sum to compensate him for his pain and suffering, and given the testimony that Day's economic loss totaled $488,537 and given the evidence regarding pain and suffering, we conclude that the amount awarded is not excessive. As with the first two issues, we can find no basis in the third issue for reversing the judgment.
Although we have not specifically addressed all of the arguments made by CSX, we have carefully considered each of them; and we hold that the judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ. concur.